STATE OF NORTH CAROLINA v. KENNETH LEROY CHAMBERLAIN.

(Filed 15 January, 1965.)

**1. Criminal Law § 71—**

The competency of an extrajudicial confession is a preliminary question for the trial court, but its finding that the confession was voluntarily made cannot stand if there is no competent evidence to support it.

**2. Same—**

The Fourteenth Amendment to the United States Constitution prohibits the use of a confession which is coerced, either by physical or mental means.

**3. Constitutional Law § 30—**

A defendant in a state criminal trial has a right to be tried according to the substantive and procedural due process requirements of the Fourteenth Amendment to the United States Constitution.

**4. Arrest and Bail § 7; Indictment and Warrant § 1—**

A person arrested without a warrant has the right to be taken, as soon as may be, before a magistrate having jurisdiction to issue a warrant in the case in order to protect him from being held in violation of his rights.

**5. Criminal Law § 71—**

Uncontradicted evidence that defendant, a soldier far from home, was arrested without a warrant and held and interrogated for some five days until he signed a confession, and that then a warrant was issued, with further evidence on his part that he was induced to sign the confession under implied threat that if he did not do so he would also be charged with another and more serious crime, with only negative evidence in contradiction of his testimony, *held* to show the confession was incompetent, and a finding of the trial court that the confession was voluntary must be vacated as not supported by the evidence.

APPEAL by defendant from *Carr, J.,* June 1964 Session of SCOTLAND.

Criminal prosecution on an indictment charging defendant on 16 August 1960 at and in Scotland County with the robbery of Jerry Riggins of $360 in money, by the use and threatened use of firearms and other dangerous weapons, to wit, a shotgun, whereby the life of Jerry Riggins was endangered and threatened.

Plea: Not guilty. Verdict: Guilty as charged in the indictment.

From a judgment of imprisonment in the State's prison, defendant appeals.

*Attorney General T. W. Bruton, Deputy Attorney General Harry W. McGalliard, Assistant Attorney General Richard T. Sanders, and Staff Attorney George A. Goodwyn for the State.*

*Joe M. Cox for defendant appellant.*

PARKER, J. At the December Term 1960 of the superior court of Scotland County, defendant, and apparently Ray Carney, were brought to trial on three indictments charging armed robbery. Defendant was not represented by counsel, and it would seem that Carney was also without counsel. Defendant entered a plea of guilty as charged in the three indictments. It would appear that Carney did likewise. Defendant was sentenced to imprisonment in the State's prison for a term of not less than 14 years and not more than 25 years. It would appear that Carney was also sentenced to imprisonment. The defendant did not appeal; and it would seem that Carney also did not appeal. Commitments were issued and defendant and apparently Carney began the service of their terms of imprisonment. The record does show that Carney has been paroled. Defendant has not, because he escaped from prison and was captured.

On 23 December 1963 defendant, pursuant to the provisions of G.S. 15-217, filed in the superior court of Scotland County a petition for a review of the constitutionality of his criminal trial at the December Term 1960 of Scotland County superior court, alleging that at the time of his trial he was an indigent, and that in violation of his rights under the 14th Amendment to the United States Constitution he was tried without the assistance of counsel, no counsel having been appointed for him by the court. The solicitor for the State filed no answer but admitted that defendant had no counsel appointed for him at his trial. Whereupon, Judge Carr at the March 1964 Session of the superior court of Scotland County issued an order granting defendant a new trial, basing his ruling upon the decision in the case of *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 93 A.L.R. 2d 733, and ordering the case to be calendared for trial at the June Session 1964 of the superior court of Scotland County. At the same Session Judge Carr issued an order finding that defendant is an indigent and appointing as counsel to represent him in his trial Joe M. Cox, an attorney at law practicing at the Scotland County Bar. G.S. 15-4.1.

At the June Session 1964 of the superior court of Scotland County the defendant entered a plea of not guilty. The State offered evidence tending to show the following facts: On 16 August 1960 Jerry Riggins was operating a motel on South Main Street in Laurinburg, North Carolina. He lived across the street from the motel. About 11:45 p.m. he closed the office in the motel and left for home. As he entered his yard a person stepped out of the bushes with a shotgun, made him lie down in the bushes, and robbed him of $17 in money and of a $50 wrist watch. This person asked him where the money was. He told him it was at the motel across the street in the safe. He told him to get up, which he did. They went behind his house, and this person motioned for an automobile to pull up. Upon arrival of the car he was blindfolded with a towel and placed in the car, which drove around the block and stopped in front of the motel. He was forced to go into the motel with the defendant and this other person followed them. They took the towel off his eyes, made him open the safe in the motel, and took from it $360 in money. They told him to lie down on the floor. He did, and the automobile drove off. Riggins could not identify either of these two men.

The State offered in evidence a confession by defendant to the effect that he and Ray Carney were guilty as charged in the indictment, which was admitted in evidence against him over his objection and exception. The trial court found the confession was voluntary. Defendant assigns this as error.

These facts in respect to the circumstances surrounding the making of the confession are without contradiction in the record before us: On 16 August 1960 defendant was a soldier in the U. S. army stationed at Fort Bragg, North Carolina. (Apparently Ray Carney was also a soldier there.) Defendant's home is in Grand Rapids, Oregon. He is a young man: his exact age does not appear in the record. About 8 p.m. on 17 August 1960 he and Ray Carney were arrested without a warrant by police officers of the town of Laurinburg and carried to the police station. They were interrogated there by officers that night about the Riggins robbery, and both denied having anything to do with it. Then they were placed in jail. Every day from then until 22 August 1960 defendant was interrogated at length by town police officers and deputy sheriffs in respect to the Riggins robbery and another armed robbery in the county. He repeatedly denied knowing anything about the Riggins robbery. Defendant had no lawyer. Finally about 10 a.m. on 22 August 1960 he made and signed the confession the State offered in evidence against him. The officers swore out a warrant against him on 23 August 1960.

Defendant testified to this effect: He is not guilty of robbing Jerry Riggins. He and Carney were placed in separate cells in the jail. When interrogated by the officers in respect to the Riggins robbery, he denied knowing anything about it. Finally a deputy sheriff told him they had two armed robbery charges against him, and they could also bring a charge of kidnapping Riggins against him, that kidnapping carried a life sentence, and that if he would cooperate and sign a confession that he had participated in the two armed robberies, they would drop the kidnapping charge and do their best to prevent an indictment for kidnapping. Two or three days later he made the confession to two police officers of Laurinburg, that the State introduced in evidence against him. It was false, and he made it because he was afraid he would be indicted for kidnapping.

The law is well settled in this jurisdiction that the competency of an extra-judicial confession of guilt is a preliminary question for the trial court, to be determined in the manner pointed out in *S. v. Rogers,* 233 N.C. 390, 64 S.E. 2d 572, and the trial court's finding that the confession was voluntarily made will not be disturbed on appeal, if supported by any competent evidence. *S. v. Davis,* 253 N.C. 86, 116 S.E. 2d 365, *cert. den.* 365 U.S. 855, 5 L. Ed. 2d 819; *S. v. Marsh,* 234 N.C. 101, 66 S.E. 2d 684; *S. v. Rogers, supra;* Strong's N.C. Index, Vol. 1, Criminal Law, § 71.

It is also well settled that the 14th Amendment to the United States Constitution prohibits the use of coerced confessions in state prosecu-

tions, whether the coercion is physical or mental. *Haynes v. Washington*, 373 U.S. 503, 10 L. Ed. 2d 513; *Thomas v. Arizona*, 356 U.S. 390, 2 L. Ed. 2d 863, *reh. den.* 357 U.S. 944, 2 L. Ed. 2d 1557; *Payne v. Arkansas*, 356 U.S. 560, 2 L. Ed. 2d 975.

A defendant in a state criminal trial has a right to be tried according to the substantive and procedural due process requirements of the 14th Amendment to the United States Constitution. *Rogers v. Richmond*, 365 U.S. 534, 5 L. Ed. 2d 760; Stansbury, N. C. Evidence, 2d Ed., § 183.

G.S. 15-46 provides: "Every person arrested without warrant shall be either immediately taken before some magistrate having jurisdiction to issue a warrant in the case, or else committed to the county prison, and, as soon as may be, taken before such magistrate, who, on proper proof, shall issue a warrant and thereon proceed to act as may be required by law." "The object of a preliminary hearing is to effect a release for one who is held in violation of his rights." *S. v. Davis, supra.*

That defendant was not physically tortured or coerced affords no answer to the question whether his confession was coerced, for "There is torture of mind as well as of body; the will is as much affected by fear as by force." *Watts v. Indiana*, 338 U.S. 49, 93 L. Ed. 1801, 1805.

Considering the facts surrounding the making of defendant's extra-judicial confession offered in evidence against him, we find these facts undisputed: (1) Defendant, a young man in the armed service of the United States and some three thousand miles from home, was arrested about 8 p.m. on 17 August 1960 on Main Street in the town of Laurinburg, North Carolina, by police officers of that town without a warrant. (2) From the time of his arrest until about 10 a.m. on 22 August 1960, he was interrogated by police officers of Laurinburg and deputy sheriffs of Scotland County in respect to the armed robbery of Riggins and in respect to another armed robbery in the county, and he repeatedly denied that he knew anything about these robberies. (3) During all of this time he was without the benefit of counsel. (4) About 10 a.m. on 22 August 1960 he made the extra-judicial confession offered in evidence against him in this case. The next day a warrant was taken out against him charging him with the armed robbery of Riggins in this case. During this time he was kept in a cell segregated from Ray Carney. The record is silent as to when he had the preliminary hearing in this case.

In addition to the undisputed facts, we have this evidence: Defendant testified on the preliminary hearing that a deputy sheriff told him they had two armed robbery charges against him, and they could also bring a charge of kidnapping Riggins against him, that kidnapping

carried a life sentence, and that if he would cooperate and sign a confession that he had participated in the two armed robberies, they would drop the kidnapping charge and do their best to prevent an indictment for kidnapping. That two or three days later he made the confession to two police officers of Laurinburg that the State introduced in evidence against him. That his confession was false and he made it because he was afraid he would be indicted for kidnapping. J. B. Odom, a police officer of Laurinburg testified for the State: "I won't say that the word kidnapping was not mentioned, but it was never mentioned by me." Two deputy sheriffs talked to defendant, one of whom was dead when the instant case was tried. The other testified kidnapping was not mentioned in his presence. The State's evidence in respect to whether or not kidnapping was mentioned to defendant is entirely of a negative character, and does not amount to a complete negation of defendant's testimony in respect to what a deputy sheriff said to him about kidnapping.

It seems obvious from the totality of circumstances surrounding the making of the confession, particularly the testimony of defendant that his confession was induced by what a deputy sheriff said to him about kidnapping, which carried a life sentence, and the negative and unsatisfactory evidence of the State in reply thereto, that defendant's confession was extorted by fear and was not voluntary on his part, and that its admission in evidence was in violation of principles of law clearly stated as early as 1827 in *S. v. Roberts*, 12 N.C. 259, and continuously repeated in decisions of this Court since, deprived him of that fundamental fairness essential to the very concept of justice, and denied him due process of law guaranteed by the 14th Amendment. There is no competent evidence to support the finding of the learned trial judge that the confession was voluntary. Its admission in evidence against him constituted prejudicial error which entitles him to a

New trial.