JAMES W. WILLIAMS v. ANNIE ELIZABETH PENDER WILLIAMS.

(Filed 19 June 1968.)

**Appeal and Error § 39—**

Where appellant dockets record on appeal in the Court of Appeals 153 days after the date of the judgment appealed from, which is 63 days after the time prescribed by Rule 5, and in addition fails to file a brief, the appeal will be dismissed for noncompliance with the rules of the Court upon motion of the appellee.

APPEAL by defendant from *Clark, J.,* 9 October 1967 Civil Session of CUMBERLAND Superior Court.

This is a civil action filed 29 July 1965 in the Superior Court of Cumberland County for an absolute divorce on the grounds of one year's separation. The defendant filed answer denying the separation and a further answer and counterclaim in which she alleged that the plaintiff, without legal provocation or justification, had abandoned and separated himself from the defendant, had been guilty of acts of misconduct, and had failed to provide defendant with necessary subsistence. Defendant prayed that plaintiff's action for absolute divorce be dismissed and for a judgment for alimony without divorce pursuant to G.S. 50-16. Plaintiff filed a reply, in which he denied the material allegations of defendant's counteraction. At the

WILLIAMS *v.* WILLIAMS.

trial, the jury answered all issues in favor of the plaintiff and against the defendant. From judgment of absolute divorce, defendant appealed.

*Thomas H. Williams, Attorney for plaintiff appellee.*
*Marion C. George, Jr., Attorney for defendant appellant.*

PARKER, J. The judgment here appealed from was entered on 11 October 1967. One hundred and fifty-three days thereafter, on 12 March 1968, appellant filed in this court what purports to be a statement of the case on appeal. No brief has been filed by the appellant.

Upon the regular call of the district to which this case belongs, appellee in apt time as provided by Rule 16 of the Rules of Practice of this court moved to dismiss this appeal for failure of appellant to comply with the rules of this court in perfecting her appeal.

Rule 5 of the Rules of Practice of this court provides that if the record on appeal is not docketed within 90 days after the date of the judgment appealed from, the case may be dismissed; provided, the trial tribunal may, for good cause, extend the time not exceeding 60 days. The record on appeal was docketed in this court 153 days after the date of the judgment appealed from, and 63 days after the time prescribed by Rule 5 within which the record on appeal should have been docketed. In addition, appellant has filed no brief with this court.

On 6 June 1968 appellant filed with this court a petition for writ of *certiorari.* No sufficient grounds were alleged to justify granting such writ as a substitute for an appeal, and the same is being this day denied.

Appellee's motion to dismiss this appeal for noncompliance with the rules of this court in perfecting the appeal is allowed and this appeal is

Dismissed.

MALLARD, C.J., and BROCK, J., concur.