STATE OF NORTH CAROLINA v. TOMMY JUSTICE AND CLEVELAND BANKS

No. 687SC418

(Filed 15 January 1969)

**1. Criminal Law § 155—  failure to aptly docket record on appeal**

Where the record on appeal was not docketed in the Court of Appeals within ninety days after the date of the judgment appealed from, and the

trial court did not extend the time for docketing the record on appeal, the record was not docketed within the time prescribed by the rules and the appeal is dismissed. Court of Appeals Rule No. 5.

**2. Criminal Law § 75— confessions — voluntariness**

A confession is considered voluntary in law only if in fact it was voluntarily made.

**3. Criminal Law § 76— confessions — findings as to voluntariness — conclusiveness**

The findings of fact by the trial judge upon the *voir dire* as to the voluntariness of a confession are conclusive on appeal if supported by competent evidence.

**4. Criminal Law § 75— coerced confessions — physical force not necessary**

A confession may be unlawfully coerced without the use of any physical force.

**5. Criminal Law § 76— confessions — voluntariness — inducement by statements of other suspects implicating defendant**

In a prosecution for armed robbery, evidence on *voir dire* that defendant confessed his part in the robbery after police officers brought all five of the robbery suspects together and elicited statements which incriminated defendant from two of the suspects who had already separately confessed to the officers *is held* not to compel a finding that defendant's confession was given under such circumstances as to have deprived him of free exercise of his own volition.

**6. Criminal Law §§ 76, 103— whether defendant confessed — jury determination**

Whether defendant did or did not make a confession attributed to him is a question of fact to be determined by the jury from the evidence admitted in its presence.

**7. Constitutional Law § 31; Criminal Law §§ 76, 95— joint trials — admissibility of confession by defendant which implicates co-defendant**

In a joint trial of three defendants for armed robbery, defendant's Sixth Amendment right to confront the witnesses against him is violated by the admission into evidence of a portion of a nontestifying co-defendant's extrajudicial confession which incriminated defendant, but defendant's right to confrontation is not violated by the admission of another co-defendant's extra-judicial confession implicating defendant where such co-defendant took the stand and testified at the trial.

**8. Constitutional Law § 31; Criminal Law § 95— admission of confession implicating defendants made by persons not on trial — invitation by cross-examination**

In a prosecution for armed robbery, defendants cannot complain of the admission of extrajudicial confessions implicating defendants made by two others who were not on trial where the complete confessions were admitted

only after defendants had themselves brought out portions of the confessions in cross-examination of police officers to whom the confessions were made.

APPEAL by defendants Tommy Justice and Cleveland Banks from *Morris, J.,* May 1968 Criminal Session of NASH Superior Court.

The appealing defendants, Tommy Justice and Cleveland Banks, were jointly indicted with three other persons, Roosevelt Richardson, Truman Dancy, and Jesse Bell, for the crime of armed robbery. Roosevelt Richardson and Truman Dancy were tried separately and pleaded guilty. Tommy Justice, Cleveland Banks and Jesse Bell were tried together and each pleaded not guilty. At their trial the State presented testimony of the clerk who had been in charge of the Cokey Road Package Store in Rocky Mount on 15 February 1968, who testified that at 9:30 p.m., two men had entered the store, one wearing a mask and one carrying a pistol, and had robbed him at gunpoint of approximately $300.00, some cigarettes and wine. No one else was in the store at the time, but the witness did see a third person walk by the front of the store while the robbery was in progress.

The State then offered the evidence of a detective of the Rocky Mount Police Department who testified that he had arrested the three defendants, Justice, Banks, and Bell, as well as Truman Dancy, for armed robbery; that at the time of these arrests Roosevelt Richardson was already in custody; that on the morning following the arrests the witness, together with a lieutenant of the Rocky Mount Police Department, had questioned the three defendants in the detective's office at the Rocky Mount Police Department, and each of the three defendants while in the presence of each other and of the two officers had confessed to the part he had played in the robbery. The confession of the defendant Justice, as related by this witness, was in substance that he had gotten into Cleveland Banks' car in South Rocky Mount with Banks, Bell, Richardson and Dancy; that they had talked about robbing the Cokey Road Package Store; that they drove to the package store and parked nearby; that he, Roosevelt Richardson, and Truman Dancy got out of the car and went to the package store where Truman Dancy and Roosevelt Richardson went in while he waited outside and acted as lookout man; that after Dancy and Richardson came out of the store they returned to the car, where Jesse Bell and Cleveland Banks were waiting; that they then went to South Rocky Mount where they parked back of a warehouse, drank the wine, and divided the money; that he got approximately $22.00. The confessions of the other two defendants, Cleveland Banks and Jesse Bell, as related by this witness, were substan-

tially to the same effect. None of the three confessions had been re-duced to writing.

The testimony as to these confessions was admitted over objection of the defendants after the trial judge had conducted a *voir dire* examination on the basis of which he had made findings of fact that the confessions made by each of the three defendants had been given only after each had received full, complete and proper admonition as to his constitutional rights and that the statements made by each of the defendants to the officers had been freely, understandingly and voluntarily made.

On cross-examination of the detective by the attorneys for the defendants it was brought out that Roosevelt Richardson and Truman Dancy had also been present when the two officers had interrogated the three defendants; that in the presence of all five of the accused the officers had talked to Truman Dancy first, who had admitted his part and that he had been the one who had the gun; that they then talked to Roosevelt Richardson, who also admitted his part; that after Dancy and Richardson had talked, each of the three defendants had made statements confessing his part. On further cross-examination the State's witness also testified that Dancy and Richardson had already confessed prior to the time all five of the men had been brought together and that "they were all there to tell it in front of each other and each one knew what the other had told."

On redirect examination by the solicitor, this witness was permitted to testify over objection of the attorneys for the defendants as to the substance of the statements which Dancy and Richardson had made in the presence of the three defendants. These statements were substantially to the same effect as the statements which the witness had testified had been made by each of the three defendants and which incriminated the defendants.

The State then offered the testimony of the other police officer who had been present at the interrogation of the five men, who testified as to what each of the five had said in front of the others. This testimony was admitted over objection of defendants after the court had conducted a second *voir dire* examination and had again found as a fact that the statements had been made after each of the declarants had been fully advised as to his constitutional rights to remain silent, to be represented by counsel, that any statement made could be used against them, and that the statements had in fact been freely and voluntarily made. The statements made by each of the five men, as testified to by the second police officer, were in effect the same as had been testified to by the first officer.

After conclusion of the State's evidence, the defendants Justice and Bell each took the stand and each testified that he had been in the Banks' car with the other and with Banks, Dancy and Richardson on the night in question when they drove to the package store; that Dancy and Richardson had gotten out of the car and gone in the store and had returned to the car bringing wine; that they had each participated in drinking the wine; that Dancy had given each of them some money, but at the time they had drunk the wine and received the money they did not know it had been stolen. Each denied that there had been any mention of committing a robbery prior to the time Dancy and Richardson left the car to go into the store and each testified they did not know that Dancy had a gun with him. Justice testified he had been drinking since morning and the others had started drinking when they got into the car together; that he had gotten out of the car when Dancy and Richardson had gone into the store, but only for the purpose of relieving himself, and that he had not left the vicinity of the car. Both Justice and Bell denied they had made any statements to the officers admitting any prior knowledge or discussion relative to the commission of a robbery prior to the time Dancy and Richardson had gone into the store. Banks did not take the stand.

The jury found all three defendants guilty of armed robbery. From judgments imposing prison sentences, the defendants Tommy Justice and Cleveland Banks appealed. The defendant Jesse Bell did not appeal.

*Attorney General T. W. Bruton, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Fields, Cooper & Henderson, by Leon Henderson, Jr., for defendant appellant Tommy Justice.*

*W. O. Rosser for defendant appellant Cleveland Banks.*

PARKER, J.

[1] The judgments here appealed from were entered on 15 May 1968. The record on appeal was docketed in this Court on 20 September 1968. Rule 5 of the Rules of Practice of this Court provides that if the record on appeal is not docketed within ninety days after the date of the judgment appealed from, the case may be dismissed; provided the trial tribunal may, for good cause, extend the time not exceeding sixty days. As to the defendant Tommy Justice, the trial judge did extend the time for docketing the case on appeal in this Court to 130 days from the date of the judgment. Therefore, as to

the appellant Tommy Justice, the record on appeal was docketed in this Court in apt time. However, as to the appellant Cleveland Banks, no order was entered extending the time for docketing the case on appeal, and the appeal as to the appellant Cleveland Banks should be and is dismissed. *Smith v. Starnes,* 1 N.C. App. 192, 160 S.E. 2d 547. *Williams v. Williams,* 1 N.C. App. 446, 161 S.E. 2d 757.

On the appeal of the defendant Justice, appellant assigns as error the court's action in allowing the police officers to testify that Justice had confessed to them that he had discussed and planned the robbery with the other defendants and had acted as lookout man for the two who had actually carried out the robbery. The testimony of the officers as to this confession was admitted only after the trial judge had conducted extensive *voir dire* examinations in the course of which the solicitor and counsel for defendants were given full opportunity to develop all of the circumstances under which Justice's confession had been made. The appellant Justice himself testified during one of the *voir dire* examinations and admitted that at the time he had been interrogated by the officers he had been told about some "rights" and that he had signed a paper which the officer had read to him concerning his rights. Both officers testified in detail that prior to any interrogation all defendants, including the appellant Justice, had been given the warnings as required by *Mirandi.* Appellant's brief admits that the officers had complied with the requirements of *Miranda* and also concedes that no threats or violence or promise or inducement had been made to get appellant to confess. Appellant's contention is that his confession was nevertheless involuntary since it was elicited under circumstances which made it extremely difficult for the defendant not to have made some incriminating statement, pointing to the fact that, as shown by the uncontradicted evidence taken on the *voir dire* examinations, the officers, with all five of the accused persons present, first interrogated the two men who had already separately confessed to them and who later pleaded guilty, and only after eliciting statements from these two which incriminated the appealing defendant did they start to interrogate him. Appellant Justice contends these circumstances subjected him to such a "psychological bombardment" as to render any statement he may have made to the officers involuntary and therefore inadmissible.

[2-5]   A confession is considered voluntary in law only if in fact it was voluntarily made. *State v. Keith,* 266 N.C. 263, 145 S.E. 2d 841. Whether a confession is voluntary or involuntary must be determined from the particular circumstances of each case. In this case

the trial court properly conducted *voir dire* examinations in the absence of the jury. On the basis of competent evidence, including defendant appellant's own testimony concerning the circumstances under which he had been interrogated by the officers, the court found as a fact that appellant's confession had been voluntarily given. This finding is conclusive on the appellate courts. *State v. Gray*, 268 N.C. 69, 150 S.E. 2d 1; *State v. Barnes*, 264 N.C. 517, 142 S.E. 2d 344. While it is well established that a confession may be unlawfully coerced without the use of any physical force, that there may be "torture of the mind as well as of the body," and that a confession so induced is inadmissible, *State v. Chamberlain*, 263 N.C. 406, 139 S.E. 2d 620, the evidence in the present case was not such as to compel a finding that appellant's confession was given under such circumstances as to have deprived him of free exercise of his own volition.

[6] Appellant denied, both in the *voir dire* examination and in his testimony before the jury, that he had ever confessed to the officers that he had played any part in the robbery, though he admitted having been in the car with the others and that without knowledge of any robbery he had drunk some of the wine and received some of the money. However, whether the appellant did or did not make the statement attributed to him is a question of fact to be determined by the jury from the evidence admitted in its presence. *State v. Gray, supra.* There was here no error in the court's admission of evidence of defendant appellant's own confession to the jury and the assignment of error based on that ground is without merit.

[7] Appellant Justice also assigns as error the court's allowing introduction in evidence over his objection of the extrajudicial confessions of his codefendants, all of which incriminated him. The problem presented by this assignment of error was dealt with by the North Carolina Supreme Court recently in the case of *State v. Fox*, 274 N.C. 277, 163 S.E. 2d 492, in which Justice Sharp, speaking for the Court and after analyzing the impact on our practice of the decisions in *Bruton v. United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, and *Pointer v. Texas*, 380 U.S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065, said (p. 291):

> "The result is that in joint trials of defendants it is necessary to exclude extrajudicial confessions unless all portions which implicate defendants other than the declarant can be deleted without prejudice either to the State or the declarant. If such deletion is not possible, the State must choose between relinquishing the confession or trying the defendants separately. The fore-

going pronouncement presupposes (1) that the confession is inadmissible as to the codefendant (see *State v. Bryant, supra*), and (2) that the declarant will not take the stand. If the declarant can be cross-examined, a codefendant has been accorded his right to confrontation."

In the case presently before us the extrajudicial confessions of Justice's codefendants were all made in his presence and, according to the testimony of the officers, were acquiesed in by his confession. This was the situation presented in *State v. Bryant*, 250 N.C. 113, 108 S.E. 2d 128, cited by Justice Sharp. Further, the codefendant Bell did take the stand and thus as far as evidence of his confession is concerned the appellant Justice cannot complain, since he was thereby accorded his right to confrontation. However, the codefendant Banks did not take the stand, and therefore introduction into evidence of testimony as to that portion of Banks' extrajudicial confession which incriminated Justice was error as to appellant Justice, since he was thereby denied his Sixth Amendment right to be confronted by the witness against him. For this error the appellant Justice must be awarded a new trial.

[7, 8]  While, as above stated, the appeal of the defendant Banks must be dismissed for failure to have the record docketed as far as his appeal is concerned within the time prescribed by the rules of this Court, it should be noted that as to him there was no error in allowing introduction in evidence of testimony of the confessions of his codefendants, Justice and Bell, since both of these codefendants did take the stand and his confrontation rights were thereby protected. Furthermore, the evidence concerning the confessions of Dancy and Richardson was admitted only after the defendants had themselves brought out portions of these confessions in their cross-examination of the officers. Having opened this door in order to obtain the benefit of that part of the confessions of Dancy and Richardson which they felt might be helpful to them, defendants do not have a right to complain that the State was thereafter permitted to put in evidence the complete statements made by Dancy and Richardson.

The appeal of the defendant, Cleveland Banks, is

Dismissed.

On the appeal of the defendant Tommy Justice, there must be a

New trial.

BROCK and BRITT, JJ., concur.