---
State v. Bell
---

STATE OF NORTH CAROLINA v. JESSE BELL

No. 727SC98

(Filed 24 May 1972)

1. Constitutional Law § 31; Criminal Law §§ 95, 169— co-defendant's con-
fession implicating defendant — harmless error

Although the trial court in an armed robbery prosecution erred
in the admission of a nontestifying co-defendant's extrajudicial con-
fession which implicated defendant, such error was harmless beyond a
reasonable doubt in light of the other overwhelming evidence of defend-
ant's guilt, including defendant's confession that he took part in the
robbery.

2. Criminal Law § 181— post-conviction hearing — errors assertible on
appeal

A post-conviction hearing is not a substitute for an appeal, and
errors in a petitioner's trial which could have been reviewed on appeal
may not be asserted for the first time, or reasserted, in post-conviction
proceedings.

3. Criminal Law § 23— guilty plea — voluntariness — belief that incompe-
tent evidence would be used

The fact that defendant may have thought that incompetent evi-
dence would be used against him upon a plea of not guilty is not suf-
ficient grounds to strike a plea of guilty that defendant swore, and
the court found, was freely, understandingly and voluntarily entered.

ON certiorari to review order of Tillery, Judge, entered in
a post-conviction hearing at the 31 May 1971 Session of Su-
perior Court held in NASH County.

In May 1968, this defendant was jointly indicted with
Tommy Justice, Cleveland Banks, Roosevelt Richardson and
Truman Dancy and charged (in Case No. 1903-S) with the
armed robbery of the clerk in charge of the Cokey Road Pack-
age Store on 15 February 1968.

Richardson and Dancy were tried separately and pleaded
guilty. Justice, Banks and this defendant were tried together
at the May 1968 Criminal Session of Superior Court held in
Nash County. Each of the three was convicted and given an
active prison sentence.

After being convicted in Case No. 1903-S (the "Cokey Road
Package Store Case"), the defendant Jesse Bell chose not to
appeal, and at the same session of court, he entered a written
plea of guilty to the felony of armed robbery in Case No. 1905-S

State v. Bell

(the "Tip Top Bakery Case"). In his written plea the defendant stated, under oath, that he was guilty of the crime of armed robbery (in the Tip Top Bakery Case), that he understood he could be imprisoned for as long as thirty years upon such plea, that he had neither been promised anything nor threatened in any manner to influence him to plead guilty, that he had had ample time to confer with his lawyer and subpoena witnesses, and that he was ready for trial. The trial judge, after further examining the defendant, made an adjudication that the plea of guilty by the defendant was freely, understandingly and voluntarily made, and that it was made without undue influence, compulsion or duress and without promise of leniency. (In the Cokey Road Package Store Case, Bell received a sentence of 18 to 20 years and in the Tip Top Bakery Case, he received a sentence of 25 years, to run concurrently with the first.)

On 14 December 1970, defendant Jesse Bell, *pro se,* filed the petition now under consideration, which petition was later amended after counsel was appointed for him at his request. Defendant contended that he was entitled to a new trial because his constitutional rights were violated in both Case No. 1903-S and Case No. 1905-S, in that he had been told by police officers that he should waive a preliminary hearing; that extrajudicial statements of Cleveland Banks, Truman Dancy and Roosevelt Richardson (who did not testify at the trial) were admitted against him in Case No. 1903-S; that he had requested to see his court-appointed attorney on 16 May 1968, but was transferred to Raleigh without seeing him (this was three days after he had been convicted on one charge of armed robbery, pleaded guilty on another, had been sentenced, and had decided that he would not appeal); that he had entered the plea of guilty in Case No. 1905-S because he believed that the State might use extrajudicial statements of his co-defendants against him in that case; and that he had been informed and believed he would be given a concurrent sentence no longer than the 18 years he had received in Case No. 1903-S.

The defendant was given a plenary hearing on his petition, after which Judge Tillery found facts and concluded that the defendant was not entitled to the relief sought.

Defendant sought and was granted certiorari to review the ruling of Judge Tillery on the post-conviction review.

---
State v. Bell
---

*Attorney General Morgan and Assistant Attorneys General Magner and Harris for the State.*

*Thomas W. Henson for defendant appellant.*

MALLARD, Chief Judge.

In 1968, Banks and Justice (who were tried with the defendant Jesse Bell in Case No. 1903-S) both appealed from their convictions. The defendant Bell, after discussing with his attorneys his right to appeal, decided not to do so. Banks' appeal was dismissed because of the failure to docket the record on appeal in this court within the time required by the rules. Justice was given a new trial (in January 1969) because of the introduction into evidence of that portion of Banks' extrajudicial confession which incriminated Justice. Banks did not testify and therefore Justice and Bell did not have the opportunity to cross-examine him. [See *State v. Justice* 3 N.C. App. 363, 165 S.E. 2d 47 (1969).] In so holding, the Court of Appeals relied mainly on the decision in *State v. Fox,* 274 N.C. 277, 163 S.E. 2d 492 (1968), which was based upon the holding in *Bruton v. United States,* 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), and its retroactive application in *Roberts v. Russell,* 392 U.S. 293, 20 L.Ed. 2d 1100, 88 S.Ct. 1921 (1968). *(Bruton* was decided May 20, 1968, and this case was tried May 13, 14 and 15, 1968.)

In the case No. 687SC418, reported as *State v. Justice, supra,* there is on file in this court a transcript of the proceedings at the May 1968 Criminal Session of Superior Court held in Nash County in which Tommy Justice, Jesse Bell and Cleveland Banks were the defendants. It is this trial (Case No. 1903-S) in which the defendant Bell now contends the trial judge committed error by admitting the extrajudicial confessions of his co-defendants Banks, Justice, Dancy and Richardson, which incriminated him. Only portions of this transcript were made a part of the record on appeal in this present case. However, we take judicial notice of our own records, which include the transcript, in this interrelated proceeding. *State v. Patton,* 260 N.C. 359, 132 S.E. 2d 891 (1963). After consideration of the record, and for the reasons set forth by Judge Parker in *State v. Justice, supra,* we hold that no error was committed

---

State v. Bell

---

in allowing introduction in evidence of the confessions of the co-defendants Justice, Dancy and Richardson.

Since *State v. Justice, supra; State v. Fox, supra;* and *Bruton v. United States, supra,* the Supreme Court of the United States has modified and narrowed the application of the *Bruton* holding. In *Schneble v. Florida,* 405 U.S. 427, 31 L.Ed. 2d 340, 92 S.Ct. 1056 (1972), the Court said: "The mere finding of a violation of the Bruton rule in the course of the trial, however, does not automatically require reversal of the ensuing criminal conviction. In some cases the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the co-defendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the admission was harmless error." See also, *Harrington v. California,* 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726 (1969).

The testimony at the trial of Jesse Bell in May 1968 showed that all five of the defendants were questioned by the officers together and that each admitted taking part in the robbery and receiving part of the money. On a voir dire relating to the admissibility of the confessions, the investigating officer when asked, "Did these three individuals (the defendants) tell on themselves or tell on the others?," replied: "These three boys just told on themselves."

[1, 2] We hold that the properly admitted evidence of this defendant's guilt was so overwhelming and that the prejudicial effect against him of the improperly admitted statement of the co-defendant Banks was so insignificant by comparison, that it is clear beyond a reasonable doubt that its admission was harmless error. Moreover, this defendant did not choose to appeal at that time and waited from the date of this trial in May 1968 until December 1970 before deciding to file a petition, *pro se,* to challenge, among other things, the admissibility of the evidence at his trial. A post-conviction hearing is not a substitute for an appeal. In *State v. White,* 274 N.C. 220, 162 S.E. 2d 473 (1968), Justice Sharp, speaking for the Court, said:

"In this proceeding, petitioners sought and obtained post-conviction review upon the allegation that the trial judge had erroneously admitted evidence obtained by an unlawful search and seizure. * * *

State v. Bell

This Court has consistently held that proceedings under the Act are not a substitute or an alternative to direct appeal. * * *

* * *

We adhere to our former decisions. Errors in a petitioner's trial which could have been reviewed on appeal may not be asserted for the first time, or reasserted, in post-conviction proceedings. * * *"

[3] In Case No. 1905-S, the acceptance of defendant's plea of guilty, even though done in 1968, met all of the requirements enumeratead in *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969). The fact, if indeed it is a fact, that defendant may have thought that incompetent evidence would be used against him upon a plea of not guilty is not sufficient grounds to strike a plea of guilty that the defendant swore, and the court found, was freely, understandingly and voluntarily entered. *Parker v. North Carolina,* 397 U.S. 790, 25 L.Ed. 2d 785, 90 S.Ct. 1458 (1970). It has been held that a guilty plea is constitutionally valid even though it may be motivated in part by fear of the death penalty. *North Carolina v. Alford,* 400 U.S. 25, 27 L.Ed. 2d 162, 91 S.Ct. 160 (1970) ; *Brady v. United States,* 397 U.S. 742, 25 L.Ed. 2d 747, 90 S.Ct. 1463 (1970).

It is also noted that even if there were prejudicial error in the trial of Case No. 1903-S in 1968, the sentence imposed therein runs concurrently with the sentence imposed in Case No. 1905-S in which the defendant pleaded guilty and which is free from error.

We have considered all of defendant's contentions and no prejudicial error is made to appear.

Affirmed.

Judges CAMPBELL and BROCK concur.