STATE OF NORTH CAROLINA v. RONALD EUGENE ALL AND
CARLTON OSCAR WEAVER

No. 7215SC777

(Filed 17 January 1973)

1. **Criminal Law § 84; Searches and Seizures § 1— arrest of defendant driver — search preparatory to impounding vehicle — admissibility of arresting officer's testimony**

    Testimony by the arresting officer in a breaking and entering and larceny case as to the contents of a truck was admissible where the officer arrested defendant for operating his vehicle while the windshield was covered with cardboard, the officer stepped up onto the wheel of the vehicle to determine the cargo of the truck preparatory to impounding the vehicle, and the officer saw there hams and boxes from Hickory Mountain Farms, a business which he later learned had been the subject of a breaking and entering and larceny.

2. **Criminal Law § 84; Searches and Seizures § 1— bolt cutters seized in unlawful search — admission harmless error**

    Where the evidence tended to show that a truck similar to that of defendants was seen driving from the vicinity of a break-in, that unequivocally identified stolen hams were found in defendants' possession a few hours after the break-in, and that fibers found at the crime scene matched those of one defendant's sweater, such evidence was sufficient to support defendants' convictions for breaking or entering and felonious larceny; therefore, any error in admitting into evidence bolt cutters which were the fruit of an illegal confession was harmless beyond a reasonable doubt.

APPEAL by defendants from *McKinnon, Judge,* 8 May 1972 Session of Superior Court held in CHATHAM County.

Defendants were charged in separate bills of indictment with felonious breaking or entering and felonious larceny.

The State's evidence tended to show the following. During the early hours of the morning of 20 March 1971 the premises of Hickory Mountain Farms, Inc., in Siler City, N. C., was unlawfully broken and entered and a large quantity of meat (packaged hams and loose hams) was unlawfully stolen therefrom. At about 2:10 a.m. on 20 March 1971 a "bluish truck" with wooden siding was observed driving away from the vicinity of Hickory Mountain Farms, Inc. At about 7:20 a.m. on 20 March 1971 a trooper with the Virginia State Police observed a blue truck traveling north on Route 220 in Virginia. Except for ten or twelve inches of glass on the driver's side the entire windshield of the truck was covered with cardboard. Driving with

a windshield in such condition constitutes an offense in the State of Virginia, and therefore the trooper stopped the truck. Defendant All was driving and defendant Weaver was riding in the cab on the passenger side. Defendant All was placed under arrest and defendant Weaver disappeared from the scene (he was arrested later in the day). The trooper inspected the load in the bed of the truck by stepping up on the axle or the wheel and looking over the wooden siding—there was no top cover on the bed of the truck. He observed loose hams and boxes with Hickory Mountain Farms, Inc., written on them. Another trooper, who was called to the scene, drove the truck to the Franklin County jail. After defendant All was in custody for the motor vehicle violation, the Virginia State Police received, by radio, information of the theft of hams from Hickory Mountain Farms, and an investigator for the Virginia State Police went to the Franklin County jail to interrogate defendant. While the truck was still parked at the Franklin County jail, the investigator looked through the right side window of the cab of the truck and observed a large set of bolt cutters lying on the floorboard. These bolt cutters were found to have paint chips similar to the paint on the security bars which were cut on the Hickory Mountain Farms, Inc., premises. The fibers from defendant Weaver's sweater were similar to the fibers taken from the glass of the broken window at the Hickory Mountain Farms, Inc., premises.

Statements made by defendant All at the scene after he was arrested were excluded from evidence because he had not been given the Miranda warnings. Statements made by defendant All during interrogation at the county jail were excluded from evidence because a hope of leniency was held out to him by the interrogating officer.

The defendants offered no evidence.

The jury returned verdicts of guilty as charged in both counts as to each defendant. Defendant All was sentenced to an active term of seven to ten years. Defendant Weaver was sentenced to an active term of ten years. Both defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Satisky, for the State.*

*Loflin, Anderson & Loflin, by Thomas F. Loflin III and Harris & McEntire, by Mitchell M. McEntire and Laura Jean Guy, for the defendants.*

State v. All

BROCK, Judge.

[1]  Defendants assign as error the admission of testimony by the Virginia State trooper of his observation of the load of hams in the cargo bed of the truck. They argue that the hams were not in "plain view" of the trooper because he had to climb up on the wheel or axle of the truck to see over the wooden siding. They argue, therefore, that the hams were discovered by means of a search which was not reasonably related to the offense for which All was arrested, which was not for purposes of protection or prevention of escape, and which was not founded on probable cause; and, consequently, was a search prohibited by the Fourth Amendment to the Constitution of the United States.

It seems to us that the arguments advanced by defendants are wide of the mark. In this instance, the officer knew he must impound the truck until the windshield could be repaired. Under such circumstances it was his duty to take reasonable precautions to protect defendants' cargo from loss or destruction. Also, it was his duty to protect himself and the State from charges of loss of cargo. In order to do these things it was necessary for him to know the nature and quantity of the cargo. His conduct in looking into the cargo bed was both reasonable and necessary under the circumstances. If his action can be classed as a search, it was certainly a reasonable search. It is only unreasonable searches which are prohibited by the Fourth Amendment, *State v. Ratliff*, 281 N.C. 397, 189 S.E. 2d 179. Once the trooper acquired knowledge of the cargo by a reasonable act, he was not required to suppress this knowledge when the police radio bulletin later advised of the theft of a quantity of Hickory Mountain Farms hams.

The numerous cases relied upon by defendants are distinguishable upon the reason for the "search." For cases more comparable to the present case *See* 10 ALR 3d 314-354, § 9 [New] Making inventory of contents of impounded vehicle (Supp. 1972). In our opinion, the trooper's testimony concerning the load of hams was properly admitted in evidence.

[2]  Defendants next argue that the bolt cutters taken from the truck were found as a direct result of an illegal confession and, therefore, should have been excluded from evidence as was the confession itself. While there seem to have been sources of knowledge of the bolt cutters equally as clear as that obtained from the excluded confession, we do not feel it is necessary to

dwell upon the question in this case. Conceding, arguendo, that the bolt cutters were the fruit of an illegal confession, their admission in evidence would constitute harmless error beyond a reasonable doubt. The remaining evidence against defendants was more than sufficient to support their convictions: a truck similar to theirs was seen driving from the vicinity of the break-in; the unequivocally identified stolen hams in defendants' possession in Virginia a few hours after the break-in; and fibers found at the scene of the break-in which matched one defendant's sweater. If it were error to admit the bolt cutters in evidence, in view of the total evidence, we hold such error to be harmless beyond a reasonable doubt. *See Harrington v. California*, 395 U.S. 250, 23 L.Ed. 2d 284, 89 S.Ct. 1726; *State v. Doss*, 279 N.C. 413, 183 S.E. 2d 671; *State v. Bell*, 14 N.C. App. 346, 188 S.E. 2d 593.

We have carefully considered defendants' assignment of error relating to the allowance of opinion testimony by one of the State's witnesses. Without belaboring the point, it is our opinion the evidence justified the trial court's finding that the witness was qualified to testify in the field of forensic chemistry. This assignment of error is overruled.

No error.

Judges CAMPBELL and GRAHAM concur.