State v. Spruill

STATE OF NORTH CAROLINA v. HERBERT EARL SPRUILL

No. 772SC226

(Filed 3 August 1977)

1. Searches and Seizures § 1— examination of vehicle — warrantless inventory search — admissibility of evidence

In a prosecution for felonious breaking or entering and felonious larceny of an automobile and other items, the trial court did not err in admitting testimony identifying wheels and tires on defendant's car as the ones stolen or in admitting evidence obtained from a warrantless inventory search of defendant's vehicle, since identification of the wheels and tires was not made pursuant to a search but was made when an officer and a witness merely looked at defendant's vehicle and since warrantless inventory searches of vehicles properly in the custody of the police pursuant to established police policy have been held to be reasonable in terms of the Fourth Amendment in that their purpose is to protect the accused and the police.

2. Criminal Law §§ 145, 159— instructions improperly included in record — costs taxed against defense counsel

Defendant's counsel is taxed with the costs of printing the jury instructions in the record where no error was assigned to the instructions. App. R. 9(b)(3) and (5).

APPEAL by defendant from Peel, Judge. Judgment entered 12 November 1976 in Superior Court, MARTIN County. Heard in the Court of Appeals 30 June 1977.

Defendant was charged with felonious breaking or .entering and felonious larceny of several tape players, a CB antenna, and a set of car keys (76CR3018). He was also charged with larceny

of an automobile (76CR3020). The State's evidence tended to show that between the close of business on 27 July 1976 and opening time on the morning of 28 July 1976, the premises of Griffin Motor Company, Inc. in Williamston were broken into or entered. A 1975 Camaro automobile, a J. C. Penney tape player, and a toolbox and tools were taken therefrom. Defendant, a Williamston resident, had been seen on the premises earlier in the day. He was driving a black, 1968 Chevrolet with regular wheels and tires.

The Williamston police were notified of the thefts on 28 July 1976. On 29 July 1976 a warrant was issued charging the defendant with larceny of the 1975 Camaro. The Camaro was equipped with Krager chrome mag wheels and rims and wide tires which had been sold to Griffin Motors by Carl Taylor a short time prior to the theft. At about noon on 29 July 1976 the Camaro was discovered abandoned on a little used road on the outskirts of Williamston. The Krager Mag rims and the wide tires had been removed and replaced with the rims from an older car.

Defendant was observed in Robersonville, North Carolina at about 8:00 p.m. by Robersonville police officers. At that time they were aware of an outstanding Williamston warrant charging defendant with larceny of an auto. They arrested him pursuant to that warrant. At the time of his arrest, defendant was standing beside his 1968 black Chevrolet which was parked at a mobile home park. After taking the defendant, a Williamston resident, into custody, the Robersonville police caused his car to be taken to R & R Salvage for storage and safekeeping.

The Williamston police were then notified of the arrest, and Officer Fink of that department came to Robersonville, took custody of defendant and transported him back to Williamston. Officer Fink had been the investigating officer at the scene when the Camaro, less its special wheels and tires, had been discovered earlier in the day. After incarcerating the defendant in Williamston, Officer Fink returned to Robersonville accompanied by Carl Taylor who sold the special wheels and tires to Griffin Motor Co. They went to R & R Salvage where Taylor identified the rims and tires on defendant's 1968 Chevrolet as being the ones he had sold to Griffin Motors and had installed on the Camaro which was later stolen. Officer Fink then impounded the car and inventoried its contents. The

inventory revealed the stolen tape player, toolbox, and tools. No search warrant had been obtained prior to the examination of the car or its contents.

Defendant did not put on evidence. He was found guilty by the jury and sentenced to five to seven years imprisonment on each offense, sentences to run concurrently.

*Attorney General Edmisten by Associate Attorney Amos Dawson, for the State.*

*Regina A. Moore for the defendant.*

BROCK, Chief Judge.

[1] The sole issue brought forward for review is whether the trial court committed reversible error in denying defendant's motion to suppress the evidence obtained from the warrantless search of defendant's automobile. Defendant maintains that the present case is similar to *Preston v. United States,* 376 U.S. 364, 11 L.Ed. 2d 777, 84 S.Ct. 881 (1964) and should be controlled by it. We disagree.

In *Preston* the defendants were arrested for vagrancy. Their auto was towed to a garage by the police where it was searched several hours after the arrest. Evidence obtained from the warrantless search was excluded at defendants' subsequent trial for conspiracy to commit bank robbery. The prosecution argued that the search was valid because it was incident to and part of a lawful arrest. The Supreme Court held exclusion to be proper solely on the grounds that once an accused is arrested and in custody, a search made at a later time, in another place and without a warrant is simply not incident to arrest. In the present case introduction of evidence obtained from the warrantless search is not being justified on the grounds that the search was incident to a lawful arrest.

Whether a search and seizure is unreasonable within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case. *Preston v. United States, supra.*

"[T]he Fourth Amendment does not require that every search be made pursuant to a warrant. It prohibits only 'unreasonable searches and seizures.' The relevant test is not the reasonableness of the opportunity to procure a warrant, but the reasonableness of the seizure under all

the circumstances. The test of reasonableness cannot be fixed by per se rules; each case must be decided on its own facts." *Coolidge v. New Hampshire,* 403 U.S. 443, 509-10, 29 L.Ed. 2d 564, 91 S.Ct. 2022 (1971).

As to automobile searches in relation to the Fourth Amendment, the Supreme Court has "recognized significant differences between motor vehicles and other property which permit warrantless searches of automobiles in circumstances in which warrantless searches would not be reasonable in other contexts." *United States v. Chadwick,* 45 U.S.L.W. 4797, 4800 (U.S. June 21, 1977). These differences extend even to warrantless searches of automobiles in cases where there is no danger of removal of the vehicles or destruction of the evidence within them. *Cady v. Dombrowski,* 413 U.S. 433, 37 L.Ed. 2d 706, 93 S.Ct. 2523 (1973). The rationale behind the more flexible approach to warrantless automobile searches is in the realization that there is a diminished expectation of privacy in a motor vehicle. "[I]ts function is transportation and it seldom serves as one's residence or as the repository of personal effects." *Cardwell v. Lewis,* 417 U.S. 583, 41 L.Ed. 2d 325, 94 S.Ct. 2464 (1974).

Under the circumstances of the present case, we find the inventory of defendant's vehicle reasonable. Defendant, a Williamston resident, was arrested in Robersonville pursuant to an outstanding warrant issued in Williamston. He was taken to jail; his vehicle was taken to a private auto salvage lot for safekeeping. After defendant had been transferred to Williamston, the Williamston officer who had investigated the discovery of the stolen Camaro returned to Robersonville to examine defendant's vehicle. That officer knew that the Camaro had been equipped with chrome mag rims and wide tires and that those items had been taken off the Camaro after its theft. The officer was accompanied by the man who had sold the rims and tires to Griffin Motors and who had installed them on the Camaro. A simple look at the exterior of defendant's car was all that was required to identify the rims and tires. They were in plain view, susceptible of being seen by anyone who looked at the car. No search was conducted by virtue of the fact that the officer and witness merely looked at the rims and tires on defendant's car.

Upon identification of the wheels and rims, the defendant's car became evidence in the case. The Williamston police properly impounded the car. A Williamston police officer, pursuant to

State v. Spruill

department policy, then conducted an inventory search of the car at which time the stolen tape recorder and toolbox were discovered. Defendant was given a written list of the items inventoried and held by the police for safekeeping. Warrantless inventory searches of vehicles properly in the custody of the police, pursuant to established police policy have been held to be reasonable in terms of the Fourth Amendment in that their purpose is to protect the accused and the police. *South Dakota v. Opperman,* 428 U.S. 364, 49 L.Ed. 2d 1000, 96 S.Ct. 3092 (1976); *Harris v. United States,* 390 U.S. 234, 19 L.Ed. 2d 1067, 88 S.Ct. 992 (1968); *Cooper v. California,* 386 U.S. 58, 17 L.Ed. 2d 730, 87 S.Ct. 788 (1967); *State v. All,* 17 N.C. App. 284, 193 S.E. 2d 770 (1973). Inventory searches are all the more reasonable when, as here, the limited resources of small police departments require impoundment in private or unsecured areas. *Cady v. Dombrowski, supra.*

We find no error in the admission of the testimony identifying the wheels and tires or the admission of the evidence obtained from the inventory search of defendant's vehicle. The motion to suppress was properly denied.

[2] Rule 9(b)(3) provides, *inter alia:* "The record on appeal in criminal actions shall contain: . . . (vi) *where error is assigned* to the giving or omission of instructions to the jury, a transcript of the entire charge given; . . . " (Emphasis added.) The clear purpose of this rule is to eliminate from the record on appeal the instructions to the jury where no error is assigned thereto. In this case no error was assigned to the instructions to the jury.

Rule 9(b)(5) provides: "It shall be the duty of counsel for all parties to an appeal to avoid including in the record on appeal matter not necessary for an understanding of the errors assigned. The cost of including such matter may be charged as costs to the party or counsel who caused or permitted its inclusion."

The trial court's instructions to the jury in this case, to which no error is assigned, were included in the record on appeal by defendant's counsel. The instructions consumed over twelve pages of the printed record on appeal. The costs of printing these unnecessary twelve pages are $22.20 ($1.85 per page). Counsel for defendant, Regina A. Moore, P. O. Drawer

1086, Williamston, North Carolina, will be taxed with costs of $22.20 in this case.

No error.

Judges BRITT and MORRIS concur.