STATE OF NORTH CAROLINA v. SPURGEON DUNCAN ISLEY

No. 7018SC319

(Filed 24 June 1970)

**Criminal Law § 155.5— docketing of appeal beyond time allowed by order and rules**

> Where case on appeal was not docketed in the Court of Appeals until after the time allowed by an order of extension, and where the time of docketing was beyond the maximum 150 days allowed by Rule 5, the appeal is subject to dismissal.

APPEAL by defendant from *Collier, J.,* 27 October 1969 Criminal Session, GUILFORD Superior Court.

Defendant was charged with first-degree murder by indictment returned at the May 1969 Session of court. Upon an indigency determination counsel was appointed to defend him. He was tried at the October 1969 Session. Upon the call of the case the solicitor announced that the State would not try the defendant for first-degree murder but would seek a conviction for murder in the second degree or a lesser included offense as the evidence might justify. Defendant was convicted of murder in the second degree and appealed. His trial counsel was appointed to prosecute his appeal to this Court.

*Attorney General Robert Morgan by Assistant Attorney General Millard R. Rich, Jr., for the State.*

*Adam Younce for defendant appellant.*

MORRIS, J.

The judgment in this case was dated and entered on 31 October 1969. An order extending time for docketing the case on appeal was entered on 16 December 1969 extending the time to and including 28 March 1970. The case on appeal was not docketed in this Court until 13 April 1970. This was not within the time allowed by the order and was beyond the maximum 150 days allowed by Rule 5, Rules of Practice in the Court of Appeals of North Carolina. Defendant has not applied for a writ of certiorari. The appeal is subject to dismissal for failure to comply with the Rules.

We have, nevertheless, carefully examined each of defendant's assignments of error, and we find no prejudicial error. It clearly appears from the record that defendant was well and ably represented at his trial and his counsel has filed a carefully prepared brief and appeared and argued in his behalf.

Defendant has had a fair trial which was free from prejudicial error and his appeal has been considered on its merits.

No error.

MALLARD, C.J., and GRAHAM, J., concur.