STATE OF NORTH CAROLINA v. LEVI BURGESS

Cases No. 70 CR 2497   70 CR 2498

No. 7120SC271

(Filed 26 May 1971)

**Criminal Law § 155.5— failure to docket record within 150 days**

>   Appeal is dismissed by the Court of Appeals *ex mero motu* where the record on appeal was not docketed within the maximum 150 days allowed by Rule 5 when the trial judge grants an extension of 60 days, notwithstanding the record was docketed within the time allowed by an order signed by the trial judge granting a second 60-day extension.

APPEAL by defendant from *Thornburg, Special Judge,* 21 September 1970, Criminal Session of STANLY County Superior Court.

Defendant was tried on two bills of indictment with three counts in each. The first bill charged felonious breaking and entering of a store building on 16 May 1970, occupied by Charles Love doing business as Whites Auto Store located in Locust, North Carolina; the second count charged felonious larceny, also on 16 May 1970, from said store; the third count charged the defendant with the felonious receiving of stolen merchandise. The second bill of indictment had three similar counts charging the defendant with the same offenses on the same date, but the premises involved was Pikes Drug, Inc., located in Locust, North Carolina. The State did not prosecute the defendant on the third count in either bill of indictment. The defendant entered a plea of not guilty to all charges. The jury returned a verdict of guilty on all four counts in the two bills of indictment for which he was tried. From judgments imposing prison sentences the defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Coble, Morton and Grigg by Ernest H. Morton, Jr., for defendant appellant.*

CAMPBELL, Judge.

The judgments appealed from were entered on 23 September 1970. The record on appeal was docketed in this Court

on 1 March 1971. Rule 5 of the Rules of Practice of this Court provides that if the record on appeal is not docketed within 90 days after the day of the judgment appealed from, the case may be dismissed, provided, the trial tribunal may, for good cause shown, extend the time for docketing not exceeding 60 days. Under date of 6 November 1970 the defendant procured an order from the trial judge allowing 60 days additional time within which to docket the appeal, but stated, "that is to say until the 8th day of January, 1971." Actually, this 60-day extension of time would have carried the date to and including 22 February 1971, as 20 February 1971 fell on a Saturday, and the office of the Clerk of this Court was closed on Saturday and Sunday, which would have given a further extension until Monday, 22 February 1971. Thereafter, under date of 5 December 1970, the defendant procured another order from the trial judge extending the time for docketing the record on appeal for 60 days, and this order contained this additional language, "that is to say until the 9th day of March, 1971." This date was incorrect, and as previously set out, the 60-day extension of time allowed by the rules of this Court, would have expired 20 February 1971, and by virtue of that date being on a Saturday automatically extended the time to and including 22 February 1971. Since the defendant did not file the record on appeal in this Court until 1 March 1971 and thus failed to comply with the Rules, the appeal, *ex mero motu*, is dismissed. *State v. Isley*, 8 N.C. App. 599, 174 S.E. 2d 623 (1970) ; *State v. Stovall*, 7 N.C. App. 73, 171 S.E. 2d 84 (1970) ; *State v. Justice*, 3 N.C. App. 363, 165 S.E. 2d 47 (1968) ; *State v. Cook*, (filed this date in this Court).

Nevertheless, we have carefully reviewed the record with particular reference to the various assignments of error brought forward and argued in defendant's brief. We find that the defendant had a fair trial free from prejudicial error.

Appeal dismissed.

Judges BRITT and GRAHAM concur.