State v. Cook

STATE OF NORTH CAROLINA v. BILLY JACK COOK

No. 7121SC183

(Filed 26 May 1971)

**Criminal Law § 155.5— docketing of appeal**

    Court of Appeals *ex mero motu* dismisses defendant's appeal for failure to docket the record on appeal within the time provided by the rules. Court of Appeals Rule No. 5.

APPEAL by defendant from *Crissman, Judge,* 8 September 1970 Criminal Session of FORSYTH Superior Court.

Defendant was tried in superior court on (1) a warrant from the district court charging malicious injury to personal property, and (2) a bill of indictment charging an assault with a deadly weapon with intent to kill. The jury returned a verdict of guilty on the malicious injury to personal property charge and guilty of assault with deadly weapon on the other charge. From judgments imposing prison sentences in both cases, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Millard R. Rich, Jr., for the State.*

*White, Crumpler and Pfefferkorn by Fred G. Crumpler, Jr., and Michael J. Lewis for defendant appellant.*

BRITT, Judge.

The judgments appealed from were entered on 11 September 1970. The record on appeal was docketed in this court on 19 January 1971. Rule 5 of the Rules of Practice of this Court provides that if the record on appeal is not docketed within 90 days after the date of the judgment appealed from, the case may be dismissed; provided, the trial tribunal may, for good cause, extend the time for docketing not exceeding 60 days. No order extending the time for docketing appears in the record before us. For failure to comply with the rules, the appeal, *ex mero motu,* is dismissed. *State v. Isley,* 8 N.C. App. 599, 174 S.E. 2d 623 (1970) ; *State v. Stovall,* 7 N.C. App. 73, 171 S.E. 2d 84 (1970) ; *State v. Justice,* 3 N.C. App. 363, 165 S.E. 2d 47 (1968).

Nevertheless, we have carefully reviewed the record, with particular reference to the assignments of error brought forward and argued in defendant's brief, and find that defendant had a fair trial free from prejudicial error.

Appeal dismissed.

Judges CAMPBELL and GRAHAM concur.