State v. Taylor

---

STATE OF NORTH CAROLINA v. WILLIE HORSTON TAYLOR

No. 7216SC266

(Filed 28 June 1972)

1. Criminal Law § 155.5— extension of time for service of case on appeal — authority of judge

   A judge who was not the trial judge did not have authority to sign an order extending the time for service of the case on appeal. Court of Appeals Rule 50.

2. Criminal Law § 155.5— record on appeal — time for docketing

   Service of the case on appeal, service of any countercase or exceptions, and, if necessary, settlement of the case on appeal by the trial judge must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed by Court of Appeals Rule 5.

3. Criminal Law § 155.5— record on appeal — extension of time for docketing — authority of judge

   As used in the rule relating to the authority to extend the time for docketing the record on appeal, the words "trial tribunal" include any judge. Court of Appeals Rules 2 and 5.

4. Criminal Law § 155.5— record on appeal — extension of time for docketing

   Where the judgment appealed from was dated 3 September 1971, the time for docketing the record on appeal could be extended only for a maximum of an additional 60 days after 2 December 1971.

**5. Criminal Law § 155.5— record on appeal — failure to docket in apt time**
     Appeal should be dismissed where the record on appeal was not docketed within the time allowed by the rules.

APPEAL by defendant from *Blount, Judge,* 30 August 1971 Session of Superior Court held in ROBESON County.

Defendant was indicted for the felony of being an accessory after the fact to the murder of Tommy C. Hunt by Algean Taylor. He pleaded not guilty. The jury found him guilty to being accessory after the fact to the felony of manslaughter. From judgment on the verdict imposing a prison sentence of not less than 12 nor more than 18 months, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Burley B. Mitchell, Jr., for the State.*

*W. Earl Britt for defendant appellant.*

PARKER, Judge.

The judgment appealed from was dated 3 September 1971. On the same date, Judge Blount, the trial judge, signed appeal entries allowing defendant 60 days to prepare and serve case on appeal. On 18 November 1971, Judge Thornburg, the judge presiding over the courts of the Sixteenth Judicial District, signed an order providing as follows:

> "[T]hat defendant be, and he is hereby allowed sixty additional days after 3 December, 1971, to prepare and serve case on appeal upon the State, and the State is allowed twenty days thereafter to prepare and serve countercase."

[1, 2] We call attention to the fact that Judge Thornburg, who was not the trial judge, did not have authority to sign an order extending the time for service of the case on appeal. Rule 50 of the Rules of Practice in the Court of Appeals, which was adopted by our Supreme Court in February 1969, grants that authority only to the *trial judge. State v. Lewis,* 9 N.C. App. 323, 176 S.E. 2d 1. Further, we direct attention to the express provision in Rule 50 that the authority therein granted "does not alter the provisions of Rule 5 relating to the docketing of the record on appeal." It is still necessary, therefore, that service of the case on appeal, service of any countercase or exceptions, and, if necessary, settlement of the case on appeal by

the trial judge, must all be accomplished within a time which will allow docketing of the record on appeal within the time allowed by Rule 5. (In 1969 the General Assembly amended G.S. 1-282 to make it compatible with Rule 50, and expressly provided that "all additional time or times granted in such order or orders of extension must terminate within sufficient time to enable appellant to docket the record on appeal in accordance with the requirements of the rules of the appellate court.") Judge Thornburg's order, even had it been signed by the trial judge, purported to grant extensions of time for preparing and serving the case on appeal and countercase thereto to a time beyond that allowed by Rule 5 for docketing the record on appeal.

[3-5] Rule 5 provides that if the record on appeal is not docketed within 90 days after the date of the judgment appealed from, the case may be dismissed, "provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days, for docketing the record on appeal." (The words "trial tribunal" as used in the rules include *any* judge. Rule 2.) In this case, Judge Thornburg signed a separate order dated 18 November 1971, which was within the initial 90-day period after the date of the judgment appealed from, providing that "the time for docketing this appeal be and the same is hereby extended for sixty days after 3 December, 1971." The judgment appealed from in this case was dated 3 September 1971 and the initial 90-day period thereafter expired on 2 December 1971. Therefore, Judge Thornburg had authority under Rule 5 to extend the time for docketing only for a maximum of an addiitonal 60 days after 2 December 1971 and could not grant such an extension for an additional 60 days after 3 December 1971. The maximum extension of time for docketing permitted by Rule 5, being 60 days after 2 December 1971, expired on Monday, 31 January 1972. The time for docketing as purportedly allowed by Judge Thornburg's order expired on Tuesday, 1 February 1972. The case on appeal was not docketed in the Court of Appeals until Thursday, 3 February 1972. For failure to docket within the time permitted by the rules of this Court, the appeal should be dismissed. *State v. Boyette,* 13 N.C. App. 252, 184 S.E. 2d 927; *State v. Bennett,* 13 N.C. App. 251, 185 S.E. 2d 7; *State v. Cook,* 11 N.C. App. 439, 181 S.E. 2d 172; *State v. Burgess,* 11 N.C. App. 430, 181 S.E. 2d 120; (cert. denied, 279 N.C. 350).

Nevertheless, we have carefully reviewed the record with particular reference to the assignments of error brought forward and argued in defendant's brief, and are of the opinion that no prejudicial error is made to appear.

Appeal dismissed.

Chief Judge MALLARD and Judge MORRIS concur.