STATE OF NORTH CAROLINA v. CURTIS MOSES INGRAM

No. 7321SC452

(Filed 25 July 1973)

**1. Criminal Law § 155.5— failure to docket on time**

Appeal is subject to dismissal for failure to docket the record on appeal within apt time.

**2. Criminal Law § 84; Searches and Seizures § 1— heroin discarded by defendant — seizure of package in plain view**

Where officers went to defendant's home for the purpose of arresting a third person reportedly staying there, and defendant ran as the officers approached, discarding a package of heroin in his flight, the officers were justified in placing defendant under arrest for possession of heroin and in seizing the package found in plain view.

APPEAL by defendant from *Wood, Judge,* 3 January 1973 Criminal Session of FORSYTH County Superior Court.

Defendant Ingram was charged in an indictment proper in form with the possession of heroin to which charge he pled not guilty. At trial the State presented evidence which in brief summary tended to show the following:

Officers of the Winston-Salem Police Department went to the residence of defendant Ingram at approximately 1:00 a.m. on 5 August 1973 for the purpose of arresting Dianne Jones on the charge of felonious larceny. Officer R. D. Lambert was the first to arrive, and as he got out of his vehicle and started walking to the house, he heard someone inside start hollering, "Get up, get up, run, police are here." Officer Lambert ran toward the backyard and observed defendant Ingram run out the back door. After being ordered to stop, the defendant kept running and Officer Lambert fired a shot from his revolver into the ground. At that time the defendant dropped a bag he was holding and threw a package held in his right hand into the backyard. It landed in the grass where it could be seen by Officer Lambert. Lambert picked up the package and found 10 aluminum packets inside containing a white powder. Defendant Ingram was then placed under arrest for possession of heroin and advised of his constitutional rights. A lab test revealed that the packets did indeed contain heroin. Dianne Jones was also found on the premises and placed under arrest.

Defendant did not offer any evidence and the case was submitted to the jury which returned a verdict of guilty. From

State v. Ingram

judgment entered thereon imposing an active sentence of five years, defendant appealed.

*Attorney General Morgan, by Assistant Attorneys General Ricks and Hensey, for the State.*

*G. Ray Motsinger for defendant appellant.*

MORRIS, Judge.

[1] The judgment appealed from was dated 12 January 1973. The record on appeal was not docketed until 20 April 1973, which is more than 90 days after the date of the judgment appealed from. No order extending the time for docketing the record on appeal appears in the record. For failure of appellant to docket the record on appeal within the time permitted by the rules of this Court, this appeal is subject to dismissal. Rule 5, Rules of Practice in the Court of Appeals. *State v. Isley,* 8 N.C App. 599, 174 S.E. 2d 623 (1970), cert. denied, 277 N.C. 115 (1970).

[2] Nevertheless, we have examined and rejected defendant's contention that the trial court erred in denying his motion to suppress the heroin from evidence on grounds that it was obtained as a result of an illegal search and seizure in that the officers had no lawful basis for coming to defendant's house initially.

Prior to the presentation of any evidence at trial a voir dire was held and the State presented evidence which tended to show that earlier on the night in question, Leroy Carlton informed the officers that a woman fitting the description of Dianne Jones had taken over $800 from his pocket while he was at a house on the north side of Winston-Salem. Carlton told the officers that the woman had told him that she was from Greensboro. The officers contacted a reliable informant who reported that a woman fitting Dianne Jones' description was staying with defendant Ingram at his home on the 1100 block of Rich Avenue and that the officers had better hurry because she was getting ready to leave for Greensboro. Clearly the officers had a reasonable ground to believe that Dianne Jones had committed a felony and would evade arrest if not immediately taken into custody. G.S. 15-41(2). Similarly, the officers were justified in placing defendant Ingram under arrest for the commission of a felony in their presence, G.S. 15-41(1), (pos-

session of heroin), and in seizing the package found in "plain view." *State v. Howard,* 274 N.C. 186, 162 S.E. 2d 495 (1968).

Defendant's other assignments of error have been carefully examined and are equally without merit.

No error.

Judges BROCK and VAUGHN concur.