State v. Shoemaker

STATE OF NORTH CAROLINA v. CARL WESLEY SHOEMAKER

No. 7022SC384

(Filed 5 August 1970)

Criminal Law § 154— case on appeal — extension of time — improper
signing of order

Criminal appeal is subject to dismissal when the order granting the
extension of time to serve the case on appeal was not signed by the
trial judge who signed the original order appealed from. Rules of
Practice in the Court of Appeals Nos. 5 and 50.

APPEAL by defendant from *Martin (Robert M.), S.J.,* 19
January 1969 Session of IREDELL County Superior Court.

Defendant pleaded guilty to a charge of breaking and
entering. He was sentenced to serve not less than 8 nor more
than 10 years. Sentence was suspended and defendant placed on
probation for 5 years, subject to the conditions set out in the
probation judgment.

Defendant's probation was revoked after a hearing on 5
February 1968, and defendant served until 10 January 1969 on
his original sentence. On 10 January 1969, a post-conviction
hearing was held resulting in a finding that defendant's consti-
tutional rights had been violated at the hearing when his pro-
bation was revoked because he had not been advised of his
right to counsel. The revocation order was set aside and de-
fendant released from custody subject to a rehearing when a
bill of particulars was filed. A rehearing was never held subject
to that order. Defendant later was found to have violated the
provisions of the original probation judgment when he was
arrested on 19 September 1969 for driving under the influence
and while his license was suspended. On 8 December 1969, de-
fendant entered a plea of guilty in each of these cases and receiv-
ed sentences. As a result of these convictions, defendant's pro-
bation under the original judgment was revoked and his original
sentence reinstated, with credit allowed for the year he had
served. This order was dated 19 December 1969, was signed by
Robert M. Martin, presiding judge, and is the basis of this appeal.
Defendant's former attorney was permitted to withdraw from
the case on 18 March 1970, and his present attorney was ap-
pointed on 19 March 1970. Both of these orders were signed by
Robert A. Collier, Jr., Resident Judge. On 19 March 1970, Judge
Collier also signed an order granting defendant an extension of

time within which to prepare his case on appeal. The case on appeal was filed within the time permitted by the extension.

*Attorney General Robert Morgan by Staff Attorney L. Philip Covington for the State.*

*Paul Swanson for defendant appellant.*

MORRIS, J.

The order granting the extension of time to serve the case on appeal was not signed by the trial judge who signed the order which is the basis of this appeal as required by Rules 5 and 50 of the Rules of Practice in the Court of Appeals of North Carolina. The appeal is, therefore, subject to dismissal.

We have nevertheless examined defendant's assignments of error and are of the opinion that they are without merit.

Appeal dismissed.

BROCK and GRAHAM, JJ., concur.