STATE OF NORTH CAROLINA v. ALBERT JOHNSON LEWIS

No. 7021SC507

(Filed 26 August 1970)

1. **Criminal Law § 146; Appeal and Error § 24— mandatory appellate rules**

    The rules governing appeals are mandatory, not directory.

2. **Criminal Law § 154— improper service of case on appeal — extension of time — trial judge**

    Criminal appeal was improperly before the Court of Appeals where the service of case on appeal was not made within the 30 days allowed by the trial judge; purported extension of time by a judge other than the trial judge was ineffectual to comply with the statutes and the Rules of the Court of Appeals. G.S. 1-282, G.S. 15-180, Rule of Practice No. 50.

3. **Criminal Law § 154— case on appeal — extension of time — trial judge**

    Only the judge who tried the case can extend the time for serving the statement of the case on appeal. G.S. 1-282, G.S. 15-180.

APPEAL by defendant from *Johnston, J.,* 2 March 1970 Two-Week Session of Superior Court held in FORSYTH County.

Defendant was tried upon a bill of indictment, proper in form, charging him with committing, on 25 October 1969, the felony of assault upon Ronald T. McHam with a deadly weapon, with intent to kill, inflicting serious bodily injuries.

The evidence for the State tended to show that on 25 October 1969 McHam was standing on a street in Winston-Salem talking to and holding hands with Margie Rice (Margie), who was a friend of both defendant and McHam. The defendant came down the street in his car, stopped, and said to McHam,

State v. Lewis

"Go ahead Mack." A few words were exchanged between defendant and McHam; whereupon, defendant shot McHam four times with what McHam thought was a .22 calibre pistol. The first shot struck him in the stomach above his navel. McHam testified, "The next shot was to the right side on the front. I was also shot in the back and under my shoulder blades in the middle of my back, and through the left arm." Defendant told Margie to get in his car, which she did. After defendant shot him, McHam, who had a .22 calibre pistol with him, shot at the defendant as he drove off. McHam was taken to the hospital where he remained over a month recovering from the wounds inflicted on him by defendant.

Defendant did not testify but offered Margie as a witness. She testified that in her opinion McHam was drunk. She and McHam were standing on the sidewalk when defendant drove up and told her to come get in his car. As she started to get in, McHam started walking towards the car when defendant said, "You'd better go on." McHam came up to the car and leaned on the door on the driver's side. After defendant and McHam talked to each other, McHam pulled a gun out, defendant hit McHam's hand, and then the shooting started. She got in the back seat of the car on the floorboard. She heard eight or nine shots. The car rolled down the street while shots were still being fired. Neither Margie nor the defendant were hit by any of the shots.

The jury found the defendant guilty of an assault with a firearm inflicting serious injury which is a felony. From judgment of imprisonment of not less than three years nor more than five years, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Assistant Attorney General Rich for the State.*

*Wilson, Morrow & Boyles by John F. Morrow for defendant appellant.*

MALLARD, C.J.

[1]　The case is not properly before us. Therefore, the questions set forth in the assignments of error are not properly presented. It is established law in North Carolina that the rules governing appeals are mandatory, not directory. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970).

[2, 3]　Judge Johnston, the trial judge, on the date of the

judgment, 12 March 1970, gave the defendant thirty days to prepare and serve his statement of case on appeal and allowed the State thirty days thereafter to serve countercase. On 10 April 1970 Judge Crissman entered an order, upon defendant's motion, allowing the defendant an additional thirty days in which to serve his statement of case on appeal. Thereafter, on 12 May 1970, upon defendant's motion, Judge Crissman entered another order allowing the defendant an additional thirty days in which to serve his statement of case on appeal. Defendant did not serve his statement of case on appeal but tendered it, and service thereof was accepted by the district solicitor on 9 June 1970. This was not within the time allowed by the order of Judge Johnston. Judge Crissman, who was not the trial judge, did not have authority to enter either of these orders allowing the defendant additional time in which to serve the statement of his case on appeal. Under the applicable statutes, G.S. 15-180 and G.S. 1-282, only the judge who tried the case can extend the time for serving the statement of the case on appeal. *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241 (1969). The statutes do not authorize the trial judge to grant appellant another extension of time to serve statement of case on appeal after the expiration of the session at which the judgment was entered. *State v. Atkinson, supra.* However, the *trial judge* is given authority to do this under Rule 50 of the Rules of Practice in the Court of Appeals which reads as follows:

"If it appears that the case on appeal cannot be served within the time provided by statute, rule, or order, the trial judge (or the Chairman of the Industrial Commission or the Chairman of the Utilities Commission as the case may be) may, for good cause and after reasonable notice to the opposing party or counsel, enter an order or successive orders extending the time for service of the case on appeal and counter-case or exceptions to the case on appeal, provided this does not alter the provisions of Rule 5 relating to the docketing of the record on appeal."

In the case of *Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), *cert. denied,* 275 N.C. 137, this court said:

"In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine

whether errors of law are disclosed on the face thereof. * * * "

We have reviewed the record proper, and no prejudicial error is disclosed on the face thereof.

No Error.

PARKER and HEDRICK, JJ., concur.