FRANCES W. KEYES v. HARDIN OIL CO., INC.

No. 7218DC174

(Filed 23 February 1972)

1. **Appeal and Error § 39— failure to docket record in apt time**
   Appeal is dismissed for failure to docket the record on appeal within 90 days after the date of the judgment appealed from, no order extending the time for docketing the record having been entered by the trial court. Court of Appeals Rule 5.

2. **Appeal and Error § 39— extension of time to docket appeal — order extending time to serve case on appeal**
   An order extending the time "within which to prepare the statement of case on appeal or record on appeal" did not extend the time for docketing the record on appeal.

3. **Appeal and Error § 36— service of case on appeal — extension of time — trial judge**
   Only the judge who tried the case has authority to sign an order extending the time for service of the case on appeal.

APPEAL by defendant from *Kuykendall, Chief District Judge,* August 1971 Civil Session of District Court held in GUIL-FORD County.

Civil action to recover damages for breach of an implied warranty of fitness of a travel trailer. The jury answered issues in favor of the plaintiff, and from judgment on the verdict, defendant appealed.

*Parker, Mazzoli & Rice by Gerald C. Parker for plaintiff appellee.*

*Walker, Short & Alexander by Perry N. Walker for defendant appellant.*

PARKER, Judge.

[1] The judgment appealed from was dated 21 August 1971. The record on appeal was not docketed in this Court until 28 December 1971, which was more than ninety days after the date of the judgment appealed from. No order extending the time for docketing the record on appeal appears in the record. For failure of appellant to docket the record on appeal within the time allowed by the rules of this Court, this appeal is dismissed. Rule 5, Rules of Practice in the Court of Appeals. *Phillips v. Wrenn Brothers*, 12 N.C. App. 35, 182 S.E. 2d 285; *State v. Burgess*, 11 N.C. App. 430, 181 S.E. 2d 120; *Williford v. Williford*, 10 N.C. App. 541, 179 S.E. 2d 118; *State v. Squires*, 1 N.C. App. 199, 160 S.E. 2d 550.

The record does contain an order, signed by District Judge Alexander, extending the time "within which to prepare the statement of case on appeal or record on appeal." This order did not extend the time for *docketing* the record on appeal. *Horton v. Davis*, 11 N.C. 592, 181 S.E. 2d 781; *Smith v. Starnes*, 1 N.C. App. 192, 160 S.E. 2d 547. In addition, we call attention to the fact that Judge Alexander, who was not the trial judge, did not have authority to sign an order extending the time for service of the case on appeal. *State v. Lewis*, 9 N.C. App. 323, 176 S.E. 2d 1; *State v. Shoemaker*, 9 N.C. App. 273, 175 S.E. 2d 781.

Nevertheless, we have carefully reviewed the record and prejudicial error sufficient to warrant a new trial is not shown.

Appeal dismissed.

Chief Judge MALLARD and Judge MORRIS concur.