STATE OF NORTH CAROLINA v. CALTON OXENDINE, JR.

No. 7216SC283

(Filed 28 June 1972)

1. Criminal Law § 155.5— failure to docket record in apt time

Appeal is dismissed for failure of appellant to docket the record on appeal within the time allowed by Court of Appeals Rule 5.

2. Narcotics § 5; Criminal Law § 138— possession of marijuana — punishment — change in statute after offense committed

A defendant convicted of an offense of possession of marijuana committed prior to 1 January 1972, the effective date of the Controlled Substances Act, is not entitled to the benefit of the more lenient punishment provisions of the new Act.

APPEAL by defendant from *Godwin, Special Judge,* 18 October 1971 Regular Criminal Session, Superior Court, ROBESON County.

Defendant was charged with possession of more than one gram of marijuana. Defendant was represented by privately retained counsel, entered a plea of not guilty, was found guilty by the jury, and appeals from judgment entered on the verdict.

*Attorney General Morgan, by Assistant Attorney General Smith, for the State.*

*James R. Nance, Jr., by Wesley C. Watts, for defendant appellant.*

MORRIS, Judge.

[1] This case was tried on 20 October 1971 and judgment entered on the jury verdict. The record on appeal was not docketed until 8 February 1972, well beyond the time limit provided by our rules. No order extending the time for docketing appears in the record. For failure of appellant to docket the record on appeal within the time allowed by the rules of this Court, this appeal is dismissed. Rule 5, Rules of Practice in the Court of Appeals. *Keyes v. Oil Co.,* 13 N.C. App. 645, 186 S.E. 2d 678 (1972) ; *Phillips v. Wrenn Brothers,* 12 N.C. App. 35, 182 S.E. 2d 285 (1971), cert. denied 279 N.C. 619 (1971) ; *State v. Burgess,* 11 N.C. App. 430, 181 S.E. 2d 120 (1971), cert. denied 279 N.C. 350 (1971).

Nevertheless, we have carefully reviewed the record, and prejudicial error sufficient to warrant a new trial is not shown.

[2] Defendant contends on appeal that even if there is no error in the trial, he should have the benefit of the reduced sentence of six months provided in the Controlled Substances Act, effective January 1972. He relies upon *State v. McIntyre,* 13 N.C. App. 479, 186 S.E. 2d 207 (1972), rev'd. 281 N.C. 304, 188 S.E. 2d 304 (1972). The Supreme Court, in *State v. Harvey,* 281 N.C. 1, 20, 187 S.E. 2d 706 (1972), held that "the pre-existing law as to prosecution and punishment as set forth in Articles 5 and 5A, Chapter 90 of the General Statutes as written prior to 1 January 1972, remains in full force and effect as to offenses committed prior to 1 January 1972."

Appeal dismissed.

Judges VAUGHN and GRAHAM concur.