STATE OF NORTH CAROLINA v. DAVID LEE ROBERTSON, JR.

No. 7221SC456

(Filed 28 June 1972)

Narcotics § 5; Criminal Law § 138— possession of marijuana — punishment — change in statute after offense committed

   A defendant convicted of an offense of possession of more than one gram of marijuana committed prior to 1 January 1972, the effective date of the Controlled Substances Act, is not entitled to the benefit of the more lenient punishment provisions of the new Act.

APPEAL by defendant from *Armstrong, Judge,* 14 February 1972 Session of FORSYTH Superior Court.

Defendant was charged with "unlawfully, wilfully, and feloniously" possessing narcotic drugs, to wit: more than one gram of marijuana in violation of the Uniform Narcotic Drug Act (G.S. 90-86 et seq.). He waived preliminary hearing and was bound over to Superior Court where he entered a plea of guilty to "the felony of possession of more than one gram of marijuana." The record contains the transcript of plea and adjudication thereon that the plea was freely, understandingly and voluntarily entered. From the entry of judgment sentencing

defendant to three to five years, suspended subject to certain terms and conditions of probation, defendant appealed.

*Attorney General Morgan, by Associate Attorney Poole, for the State.*

*Eubanks and Sparrow, by Larry L. Eubanks, for defendant appellant.*

MORRIS, Judge.

Defendant's sole contention on appeal is that he should be given the benefit of the reduced sentence provided under the North Carolina Controlled Substances Act, effective 1 January 1972, wherein a first offense of possession of marijuana is a misdemeanor punishable by not more than six months or $500 [G.S. 90-95(e)]. Because the offense was committed prior to 1 January 1972, however, the pre-existing law as to prosecution and punishment under the Uniform Narcotic Drug Act (Articles 5 and 5A, Chapter 90 of the General Statutes prior to the 1972 re-write) remains in full force and effect, and defendant was properly punished as a felon. *State v. Harvey*, 281 N.C. 1, 187 S.E. 2d 706 (1972); accord, *State v. Oxendine*, 15 N.C. App. 222, 189 S.E. 2d 607 (1972).

No error.

Judges VAUGHN and GRAHAM concur.