STATE OF NORTH CAROLINA v. GARY PATTON BRADY

No. 7226SC772

(Filed 22 November 1972)

1. **Criminal Law § 154— failure to serve case on appeal in time — review of record**

    Where defendant failed to serve the case on appeal in time, the Court of Appeals will review only the record proper and determine whether errors of law are disclosed on the face thereof.

2. **Searches and Seizures § 3— attachment of affidavit to warrant**

    There was sufficient evidence for the trial court to find that the warrant and affidavit were properly attached as required by G.S. 15-26.

3. **Searches and Seizures § 3— warrant to search for narcotics — sufficiency of affidavit**

    An affidavit alleging that the affiant believed from information of a reliable informant that defendant had narcotics on his premises, describing the house specifically, stating that the informant had purchased heroin in defendant's home within the last 12 hours and stating that the informant had in the past given information leading to the arrest of two named individuals was sufficient to show probable cause and support issuance of a search warrant.

**4. Narcotics § 4— felonious possession of heroin — sufficiency of evidence to support conviction**

There was sufficient evidence to support conviction of defendant for felonious possession of heroin where such evidence tended to show that defendant rented a three-bedroom house which he shared with two others, that the co-tenants, but not defendant, were present on the night of the search and that a variety of items containing heroin or traces of heroin were found in defendant's bedroom.

APPEAL by defendant from *Chess, Special Judge,* April 1972 Session of MECKLENBURG Superior Court.

Defendant was charged in a valid bill of indictment with the felonious possession of heroin. He entered a plea of not guilty, was tried before a jury which returned a verdict of guilty, and was sentenced to imprisonment for two to three years.

*Attorney General Robert Morgan by Assistant Attorneys General Raymond W. Dew, Jr., and Rafford E. Jones for the State.*

*James J. Caldwell for defendant appellant.*

CAMPBELL, Judge.

The judgment from which defendant appeals was entered on 21 April 1972 and was signed by Judge Chess. The appeal entry shows that defendant was given 60 days from 21 April 1972 to serve his case on appeal. Service of the case on appeal had to have been made by 20 June 1972. It was not served until 18 August 1972.

On 14 June 1972 an order signed by Judge Hasty allowed defendant an additional 60 days to docket the record with the Court of Appeals *and* to *serve* the case on appeal. Because of Judge Hasty's order the record on appeal was docketed in this Court in apt time.

However, defendant's case on appeal was not served on the solicitor within the proper time. Rule 50 of the North Carolina Court of Appeals Rules of Practice provides that the *trial judge* may, for good cause and after reasonable notice to the opposing party or counsel, enter an order or successive orders extending the time for service of the case on appeal. Rule 5 of the Rules of Practice in this Court provides that the *trial tribunal* may, for good cause, extend the time not exceeding 60 days, for docketing the record on appeal.

When the order extending the time to serve the case on appeal is not signed by the trial judge who signed the original judgment appealed from as required by Rule 50, the appeal is subject to dismissal by authority of Rule 48. *State v. Shoemaker,* 9 N.C. App. 273, 175 S.E. 2d 781 (1970).

[1]     However, with respect to failure to *serve* the case on time, as distinguished from failure to docket the case on time, this Court has held that rather than dismiss the appeal, the Court of Appeals will review only the record proper and determine whether errors of law are disclosed on the face thereof. *State v. Lewis,* 9 N.C. App. 323, 176 S.E. 2d 1 (1970).

Defendant appellant has cited this Court no authority to support some of his contentions, and scant authority to support the others. We have searched the record and find no error which could justify disturbing the judgment below.

Defendant contends that there was no probable cause for issuance of the search warrant; that it was error for the court, on voir dire examination, to hear evidence not included in the affidavit to determine if probable cause existed for issuance of the warrant; and that it was error to refuse to allow his attorney to testify at the trial to contradict the police officer to the effect that at a preliminary hearing he had testified differently.

[2]     There was sufficient evidence for the court to find that the warrant and affidavit were properly attached as required by G.S. 15-26. Both the police officer who procured the warrant and the magistrate who issued the warrant testified that the affidavit was attached to the warrant when issued and served.

[3]     Both the warrant and affidavit were examined in court by the trial judge, and the existence of probable cause may be determined from those documents themselves. The affidavit alleged that the police officer-affiant believed from information of a reliable informant that defendant had narcotics on his premises. The house was specifically described and identified by its postal address. The affiant stated that the informant had purchased two bags of heroin in defendant's home within the last 12 hours, which heroin had been given to the affiant. The affiant further stated that the informant had in the past given information leading to the apprehension and arrest of two named individuals. This information is sufficient to support the

warrant. *State v. Altman,* 15 N.C. App. 257, 189 S.E. 2d 793, *cert. denied,* 281 N.C. 759, 191 S.E. 2d 362 (1972).

[4]    The evidence presented at trial tended to show that defendant and two companions lived in a three-bedroom house which defendant rented; that defendant occupied bedroom number two, that on the night of the search defendant was not present in the house but that his two co-tenants were present; and that the officers found a variety of items which contained heroin or traces of heroin, as determined by expert laboratory tests.

The officers found the following items: (1) three aluminum foil bags containing a white powder; (2) five glassine bags containing a white powder (found in bedroom two); (3) one brown manila envelope containing a white powder (bedroom two); (4) three brown envelopes containing a white powder (bedroom two); (5) 21 empty brown envelopes (bedroom two); (6) 301 empty glassine bags (bedroom two); (7) ten needles and syringes; (8) nine spoons burned on the bottom and containing a vegetable residue; (9) one 7-Up bottle cap burned on the bottom and containing a vegetable residue (bedroom two); (10) one brass bowl containing a vegetable residue (bedroom one); (11) one brown envelope containing a vegetable material (bedroom one); (12) two rubber hoses 2½ feet long (bedroom one); (13) 48 capsules of white powder (bedroom two).

Items (2), (3), and (9), all found in defendant's bedroom, number two, were chemically tested by the police laboratory. The white powder in items (2) and (3) was found to be heroin; the residue in the burned bottle cap was also found to have been heroin.

The evidence is certainly sufficient to support the verdict. If defendant's attorney wished to testify as a witness he should have withdrawn as counsel prior to the trial; there was no abuse of the court's discretion in refusing to allow counsel to withdraw after the trial had begun. There is no prejudicial error in the court's charge to the jury, and a sentence of imprisonment for two to three years is within the five-year maximum allowed by G.S. 90-95(c) for possession of a Schedule I controlled substance.

No error.

Judges MORRIS and PARKER concur.