State v. McCotter

STATE OF NORTH CAROLINA v. ARTHUR B. McCOTTER

No. 733SC116

(Filed 13 June 1973)

1. **Automobiles § 3— driving after revocation of license**

   There was no error in a prosecution charging defendant with driving while his driver's license was revoked where defendant entered a plea of *nolo contendere,* the trial court determined that the plea was made voluntarily and understandingly and an active prison sentence was imposed.

2. **Criminal Law § 154— invalid order extending time to serve case on appeal**

   Extension of time granted defendant for serving the statement of case on appeal was invalid where it was entered by a judge other than the judge who tried the case; however, the record proper will be considered to determine whether errors of law appear on the face of the record.

3. **Bills and Notes § 22; Criminal Law § 140— issuing worthless check — excessive sentence**

   Where defendant was charged with unlawfully making a check to another in the amount of $23.60 and was found guilty as charged, entry of a 90-day sentence was in excess of the permissible statutory limit, and since sentences imposed against defendant in other cases were to run consecutively with that 90-day sentence, defendant was prejudiced. G.S. 14-107.

APPEAL by defendant from *Blount, Judge,* 9 October 1972 Session of Superior Court held in CRAVEN County.

*Attorney General Morgan, by Assistant Attorney General Conely, for the State.*

*Beaman, Kellum and Mills, by James C. Mills, for defendant appellant.*

MORRIS, Judge.

Defendant by his court-appointed counsel has filed with this Court two separate appeals. Both are included in the record on appeal and both are argued in one brief. The appeals bear one docket number.

[1] In case No. 71CR8631 defendant was charged in a uniform traffic ticket, proper in form, with the offense of driving while his driver's license was in a revoked status. Upon a finding of guilt in the district court, defendant appealed to the superior

court where he tendered a plea of nolo contendere. The plea was accepted after a determination by the court that it was freely, voluntarily, and understandingly made. Judgment was entered imposing an active prison sentence of 18 to 24 months, and defendant appealed. In his brief defendant's counsel states that he is unable to find error in the proceedings. We have reviewed the record proper and find no error appearing on the face thereof.

In cases No. 71CR4245, 71CR4246, 71CR4247, 71CR4248, 71CR4249, and 71CR4250, defendant was charged in warrants, proper in form, with the misdemeanors of making and uttering to other persons checks on a bank for the payment of sums of money, none greater than $50, knowing at the time that the defendant had insufficient funds on deposit in the bank with which to pay the same upon presentation, all charges being violations of G.S. 14-107. In the district court, defendant was found guilty of the violations charged in the warrants, and sentence was rendered as follows: 71CR4245—90 days in the county jail; 71CR4246 through 71CR4250—30 days in the county jail in each case. All sentences were suspended for three years and defendant placed on probation on certain named general and special conditions, one of which reads as follows: "(k) Violate no penal law of any state or the Federal Government and be of general good behavior."

On 17 January 1972, the defendant was convicted in the district court of the offenses of disorderly conduct and resisting arrest. Both cases were consolidated with case No. 71CR8631, driving while license revoked, for judgment, and defendant was sentenced to six months in prison, suspended for one year and defendant placed on probation under named conditions. Defendant appealed to the superior court from the judgments entered in the resisting arrest and disorderly conduct cases, but in the superior court defendant entered pleas of guilty as charged to both offenses, and a probation judgment was entered placing defendant on probation for a term of one year subject to certain named conditions.

Thereafter, on 14 June 1972, defendant's probation officer in cases No. 71CR4245 through 71CR4250 filed a bill of particulars and a report, relating the foregoing convictions for resisting arrest and disorderly conduct, notifying defendant that these constituted violations of his probation judgment, and that the alleged violations were to be brought to the attention of

the appropriate trial tribunal. On 14 September 1972, defendant's probation was revoked in cases No. 71CR4245 through 71CR4250, and the sentences activated. Defendant appealed to the superior court which took similar action and issued judgments and commitments in each case.

Defendant gave notice of appeal on 19 October 1972, and on that same date Judge Cohoon, presiding judge of the superior court for the term following that in which defendant's probation was revoked, entered an order appointing attorney J. C. Mills to perfect defendant's appeals, and granting defendant an extension of time to serve the statement of case on appeal.

[2] Questions presented by the assignments of error in this case are not properly before us. Judge Cohoon was not the "trial judge" within the meaning of G.S. 1-282. "By the terms of the statute, only the judge who tried the case can extend the time for serving the statement of the case on appeal. . . ." *State v. Atkinson,* 275 N.C. 288, 167 S.E. 2d 241 (1969); *State v. Lewis,* 9 N.C. App. 323, 176 S.E. 2d 1 (1970). In the absence of a case on appeal served within the time fixed by the statute, or by valid enlargement, the appellate court will review only the record proper and determine whether errors of law are disclosed on the face of the record. *State v. Lewis, supra; Roberts v. Stewart* and *Newton v. Stewart,* 3 N.C. App. 120, 164 S.E. 2d 58 (1968), cert. denied 275 N.C. 137.

[3] The record proper in a criminal case consists of the bill of indictment or warrant, the plea on which the case is tried, the verdict, and the judgment from which the appeal is taken. *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262 (1965). We note that the judgment in case No. 71CR4245 contains error. The warrant in 71CR4245 charged defendant with unlawfully making a check to another in the amount of $23.60. Defendant was found to be guilty as charged in the district court, but judgment was entered sentencing defendant to 90 days in the county jail. G.S. 14-107 provides that if the amount of the check made in violation of that statute is not over $50, punishment shall not be for more than 30 days, provided that on the fourth conviction of a violation of G.S. 14-107, and thereafter, the defendant may be punished as a general misdemeanant. There is no allegation in the warrant in case No. 71CR4245 that defendant had been convicted three prior times of that offense, nor is there

any other evidence in the record of that circumstance. The 90-day sentence in case No. 71CR4245 exceeded the permissible statutory limit.

The sentences imposed in cases No. 71CR4246 through 71CR4250 were made to run consecutively with that in case No. 71CR4245, and the sentence imposed in case No. 71CR8631 was made to run at the expiration of the sentences imposed in cases No. 71CR4245 through 71CR4250. See *State v. Fields*, 11 N.C. App. 708, 182 S.E. 2d 213 (1971). The imposition of a 90-day sentence in case No. 71CR4245, where only a 30-day sentence was authorized by statute, resulted in prejudice to defendant.

For the reasons set forth, the judgment in case No. 71CR4245 is vacated and the case is remanded for a proper sentence with credit for time already served, and the second sentence will commence as provided in the judgment therein at the expiration of the proper sentence on the judgment in case No. 71CR4245. The revised commitment will, of course, be dated and be effective as of the date of the original commitment in order that defendant have credit for the time served. *State v. Smith*, 267 N.C. 755, 148 S.E. 2d 844 (1966).

Case No. 71CR4245: Vacated and remanded for resentencing.

Cases No. 71CR8631, 71CR4246, 71CR4247, 71CR4248, 71-CR4249 and 71CR4250: Affirmed.

Judges BROCK and PARKER concur.