STATE OF NORTH CAROLINA v. THURMAN GUNTHER

No. 783SC445

(Filed 17 October 1978)

Constitutional Law § 34; Kidnapping § 1; Rape § 17— assault with intent to commit rape—inclusion in kidnapping indictment—separate punishment for assault improper

Defendant could not lawfully be sentenced upon conviction of the charge of assault with intent to commit rape since the State included that charge as a part of the kidnapping bill of indictment in order to subject defendant to the greater punishment provided under G.S. 14-39(b).

Judge CLARK dissenting.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 3 February 1978 in Superior Court, PITT County. Heard in the Court of Appeals 19 September 1978.

Defendant was tried upon two indictments, kidnapping of Eyvonne Wooten Summerell with the victim being sexually assaulted and assault with intent to rape Eyvonne Wooten Summerell.

At trial, the State offered evidence which tended to show that on 2 November 1977 Eyvonne Wooten Summerell was living with her husband and three children. Her husband left for work about 10:30 that night. She had put her children to bed when defendant knocked at her door. She had known defendant for about five months and recognized him at the door. After learning Mr. Summerell was not at home, defendant asked her if she would take his sister to the hospital to give birth to a child. Mrs. Summerell knew defendant's sister and knew she was about nine

months pregnant. After some discussion she agreed to take defendant's sister to the hospital. Upon getting in her car and driving for some time at defendant's direction, Mrs. Summerell said she was going back. Defendant then pulled a knife on her and held it to her throat. He directed her to drive to a place beside a tobacco barn. On the way to the barn, defendant told her not to try anything and to do what he said. Defendant said if she would let him, he'd let her go back home. Defendant tried to kiss her and felt of her breasts and private parts. After the car was parked and still with the knife in his hand, he ordered her into the back seat. She obeyed. At defendant's order, she removed all her clothes except her brassiere. Defendant then laid the knife down and started removing his clothes. When he got his pants down about his feet, she opened the door and ran. He chased her and caught her, but she shoved him and got away. Defendant did not have the knife then. She ran to a trailer, screaming for help. The door opened and she found safety inside. Her wounds on her feet and legs were tended, she was covered with a blanket, and the Sheriff was called. Meanwhile, the defendant drove off in Mrs. Summerell's car containing her clothes. Later that morning defendant was arrested in Edgecombe County with Mrs. Summerell's car.

Defendant did not offer evidence.

The jury returned verdicts of guilty of aggravated kidnapping and guilty of assault with intent to rape.

Defendant was sentenced to imprisonment for twenty-five years on the aggravated kidnapping charge and imprisonment for five years on the felonious assault charge, to commence at the expiration of the kidnapping sentence.

From the judgments, defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas F. Moffitt, for the State.*

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for defendant appellant.*

MARTIN (Harry C.), Judge.

Defendant argues four assignments of error.

First. Defendant contends the court erred in excluding testimony on cross-examination of State's witness Guill as to

statements made by the defendant. If permitted to answer, the witness would have said, "He [the defendant] told me that he had been robbed." The assignment of error is overruled. The State had not introduced any part of the statements made by defendant. The defendant did not testify. The statement was self-serving hearsay. The court properly excluded this evidence. *State v. Davis*, 246 N.C. 73, 97 S.E. 2d 444 (1957); *State v. Vinson*, 287 N.C. 326, 215 S.E. 2d 60 (1975); *State v. Williams*, 38 N.C. App. 138, 247 S.E. 2d 630 (1978).

Second. Defendant contends the court erred in admitting testimony of State's witness Parker as to where defendant lived. Defendant argues Parker acquired this knowledge from a hearsay source. Although Parker testified Melvin Gunther told him where defendant lived, the record shows that Parker had known defendant for about two years and knew where he lived prior to Melvin Gunther's statement. Eyvonne Summerell had previously testified, without objection, she knew defendant and knew where he lived and had shown Parker where he lived. Such evidence is ordinarily harmless when testimony of the same import is introduced without objection. *State v. Creech*, 265 N.C. 730, 145 S.E. 2d 6 (1965); *State v. Barrow*, 6 N.C. App. 475, 170 S.E. 2d 563 (1969). This assignment of error is overruled.

Third. Defendant makes a broadside exception to the charge of the court. This assignment is ineffective to challenge the correctness of the charge. *State v. Everette*, 284 N.C. 81, 199 S.E. 2d 462 (1973). This assignment is overruled.

Fourth. Defendant contends there was error in the signing of the judgments because of the above assignments of error. We do not agree. However, the record in this case raises this question: Can Gunther be lawfully sentenced upon conviction of the charge of assasult with intent to commit rape (No. 77CRS18040) when the State has included that charge as a part of the kidnapping bill of indictment in order to subject defendant to the greater punishment under N.C. Gen. Stat. 14-39(b)? The answer requires analysis of the facts in this case as well as the opinions in *State v. Fulcher*, 34 N.C. App. 233, 237 S.E. 2d 909 (1977), 294 N.C. 503, 243 S.E. 2d 338 (1978), and *State v. Banks*, 295 N.C. 399, 245 S.E. 2d 743 (1978).

In this case, Gunther was charged as follows:

THE JURORS FOR THE STATE UPON THEIR OATH PRE-
SENT that on or about the 2nd day of November, 1977, in Pitt
County Thurman Gunther unlawfully and wilfully did
feloniously kidnap Eyvonne Wooten Summerell, a female per-
son who had attained the age of sixteen years, by unlawfully
removing her from one place to another without her consent
and for the purpose of facilitating the commission of a felony,
to wit: rape. The person kidnapped was sexually assaulted
during the kidnapping.

He was also charged in a separate bill for assault with intent to
commit rape on Mrs. Summerell. The trial judge charged the jury
with respect to two possible kidnapping verdicts. The first includ-
ed as a fourth element that the State must prove the defendant
sexually assaulted the victim during the kidnapping. The second
charge on kidnapping eliminated this fourth element. Thus, the
court required the State to prove as a part of the offense of kid-
napping, to which the jury returned a verdict of guilty, the cir-
cumstance that would subject the defendant to the greater
punishment of a maximum of life imprisonment. The court
sentenced defendant as hereinabove set out. The evidence disclos-
ed only one sexual assault of the victim by the defendant. From
the moment defendant pulled his knife, he disclosed his intent to
rape his victim. All of his conduct during the travel to the barn
and until the escape of Mrs. Summerell constituted the assault
with intent to rape her. There is no evidence of any sexual
assault on Mrs. Summerell during the kidnapping other than the
assault with intent to rape her. There is no evidence of any
assault with intent to rape Mrs. Summerell other than that com-
mitted by the defendant during the kidnapping of her.

In *Fulcher*, the State did not allege in the kidnapping bill
that defendant actually committed the offense of crime against
nature. This was alleged in a separate indictment. In Fulcher's ap-
peal he contended that N.C. Gen. Stat. 14-39 was unconstitutional
as subection (a)(2) subjected him to conviction for two crimes, *i.e.*,
kidnapping and crime against nature, when he committed only
crime against nature. Defendant contended the kidnapping was
merely incidental to the commission of crime against nature.
Fulcher contended that as applied in the case against him, G.S.
14-39(a)(2) violates the due process and equal protection clauses of
the Fourteenth Amendment to the Constitution of the United

States and Article I, Section 19, of the North Carolina Constitution. This would subject defendant to a penalty of twenty-five years, rather than ten years for the offense of crime against nature, by charging the defendant with kidnapping for the purpose of facilitating the felony of crime against nature. Thus, we see that in *Fulcher* the Court was concerned with the question of whether the facts of that case were sufficient to support convictions of both crime against nature and kidnapping. The Supreme Court held that the restraint of the victim was separate and apart from, and not an inherent incident to, the offense of crime against nature. There being two separate and distinct crimes, Fulcher's constitutional rights were not violated by the two convictions. Counsel in *Fulcher* did not challenge the validity of the bill of indictment to support a sentence of greater than twenty-five years. Neither appellate court addressed this question. Likewise, the Court was not faced in *Fulcher* with the question of whether a defendant can be sentenced on the felony, which the State relies upon for the increased punishment, on a separate bill, where the State alleges in its kidnapping indictment that such felony was actually committed and the jury so finds. The Supreme Court, on page 524 of its opinion, referred to the possibility of these problems in this language:

> Let us suppose, for example, a restraint for the purpose of committing rape followed by a rescue of the victim before the contemplated rape is accomplished. Such a restraint would constitute kidnapping under G.S. 14-39. We need not presently determine whether the perpetrator thereof could also be convicted of and punished for assault with intent to commit rape.

In *Fulcher*, the Court further held that upon proof of the unlawful restraint of the victim with the purpose of facilitating the commission of the felony of crime against nature, the crime of kidnapping was complete, irrespective of whether the then contemplated crime against nature ever occurred.

In *State v. Banks, supra*, the State alleged in its kidnapping bill of indictment that the kidnapping was for the purpose of facilitating the commission of the felonies of crime against nature, assault with intent to rape, and armed robbery. The State also alleged in the kidnapping bill: "The person kidnapped was sexual-

ly assaulted during the kidnapping." The State also charged the defendant in three separate bills of indictment with the offenses of crime against nature, assault with intent to rape, and armed robbery. The defendant contended that the court should arrest judgment as to those three felonies which were alleged to have been the purposes of the kidnapping. The Supreme Court held that those three felonies were alleged to be the *purposes* of the kidnapping and therefore were not *elements* of the offense of kidnapping, the Court holding that when the State proved the elements of kidnapping and the purpose for which the victim was confined, restrained, or removed, the conviction of kidnapping may be sustained. Thereby, the Court held the offenses of crime against nature, assault with intent to commit rape, and robbery with a dangerous weapon were separate and distinct offenses from the kidnapping charge and punishable as such. Upon conviction of all four charges, the trial court entered separate judgments upon each verdict and ordered the sentences so imposed to run concurrently. The Supreme Court held that consequently the defendant had failed to show he suffered substantial prejudice from the denial of his motion to arrest judgment upon the verdicts of guilty of crime against nature, armed robbery, and assault with intent to commit rape. As in *Fulcher*, the Court in *Banks* was not faced with and did not decide the question of whether a defendant can be punished upon conviction in a separate bill of the very sexual assault alleged and proven by the State in the kidnapping charge.

In the *Banks* opinion, the Court states, without comment or elaboration, the following:

> We note in passing that some of our opinions refer to the crime defined in G.S. 14-39A as "aggravated kidnapping." This is a misnomer. The proper term for the crime there defined is "kidnapping." Subsection (b) of the statute states the punishment for kidnapping as well as a lesser punishment when certain mitigating circumstances appear.

With these principles in mind, we turn to the Gunther case. Where the State seeks to subject a defendant to a greater statutory punishment for an offense by proof of other circumstances, the State must allege those circumstances in the bill of indictment and prove them beyond a reasonable doubt. *Harrell v. Scheidt*, 243 N.C. 735, 92 S.E. 2d 182 (1956); *State v. Cole*, 241

N.C. 576, 86 S.E. 2d 203 (1955) (driving under influence, second offense); *State v. Bennett,* 271 N.C. 423, 156 S.E. 2d 725 (1967) (escape, second offense); *State v. McCotter,* 18 N.C. App. 411, 197 S.E. 2d 50 (1973) (worthless checks); *State v. Brown,* 266 N.C. 55, 145 S.E. 2d 297 (1965) (larceny); *State v. Tanner,* 25 N.C. App. 251, 212 S.E. 2d 695 (1975) (damage to personal property).

In the statement quoted from *Banks* above concerning G.S. 14-39(b), the Court was silent as to the question of burden of proof on the factors set out in that section of the statute. However, in considering the "increased punishment" cases referred to above, we hold that the State has the burden of proof concerning those factors which would subject the defendant to the increased punishment. Where the State alleges in the bill of indictment the additional factor that will support the increased punishment, the State has accepted the burden of proof as to that factor.

Thus, it appears that in order for the State to subject a defendant to a punishment of greater than twenty-five years upon conviction of kidnapping, the State must allege and prove beyond a reasonable doubt that in the course of the kidnapping the defendant either sexually assaulted the victim, or seriously injured the victim, or released the victim in an unsafe place. N.C. Gen. Stat. 14-39(b).

By charging in the kidnapping bill that Gunther committed a sexual assault on Mrs. Summerell in the course of the kidnapping and upon conviction and sentence for kidnapping, the defendant was punished for the offense of assault with intent to commit rape. The separate sentence in No. 77CRS18040 on the indictment of assault with intent to commit rape violates the defendant's rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19, of the North Carolina Constitution.

The problem facing this Court in Gunther is analogous to *State v. Thompson,* 280 N.C. 202, 185 S.E. 2d 666 (1972). In *Thompson,* the Court held that when the State in the trial of a murder case uses evidence that the murder occurred in the perpetration of another felony so as to establish first degree murder, the underlying felony becomes a part of the murder charge to the extent of preventing a further sentence of the defendant for commission of the underlying felony. *See also, State*

*v. White*, 291 N.C. 118, 229 S.E. 2d 152 (1976); *State. v. Williams*, 284 N.C. 67, 199 S.E. 2d 409 (1973); *State v. Bell*, 205 N.C. 225, 171 S.E. 50 (1933).

"It is generally agreed that if a person is tried for a greater offense, he cannot be tried thereafter for a lesser offense necessarily involved in, and a part of, the greater . . .." Wharton's Criminal Law and Procedure, Volume 1, Section 148 (1957). The rule is stated in *State v. Birckhead*, 256 N.C. 494, 124 S.E. 2d 838 (1962), as follows: "[W]hen an offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to a prosecution to the other." Chief Justice Stacy thus stated the rule in *State v. Bell*, 205 N.C. 225, 171 S.E. 50 (1933):

> The principle to be extracted from well-considered cases is that by the term, "same offense," is not only meant the same offense as an entity and designated as such by legal name, but also any integral part of such offense which may subject an offender to indictment and punishment.
>
> When such integral part of the principal offense is not a distinct affair, but grows out of the same transaction, then an acquittal or conviction of an offender for the lesser offense will bar a prosecution for the greater.
>
> To adopt any other view would tend to destroy the efficacy of the doctrine governing second jeopardy which is embedded in our organic law as a safeguard to the liberties of the citizens.

*See also*, the concurring opinion of Justice Higgins in *State v. Richardson*, 279 N.C. 621, 635, 185 S.E. 2d 102, 111 (1971).

In the case *sub judice*, the State sought to subject defendant to a greater punishment by charging that he committed a sexual assault on Mrs. Summerell during the kidnapping. By so doing, the sexual assault became a necessary element of the crime charged. *State v. Barbour*, 278 N.C. 449, 180 S.E. 2d 115 (1971). The trial court submitted this charge and the lesser included offense of kidnapping to the jury. Kidnapping in which the victim is sexually assaulted is punishable by a maximum of life imprisonment. Kidnapping without the commission of a sexual assault on the victim, or other G.S. 14-39(b) factor, is punishable by imprison-

ment for not more than twenty-five years. Defendant was convicted of this charge, thereby exposing him to the greater punishment of up to life imprisonment. The defendant was sentenced on this indictment and verdict. After entering sentence based upon this indictment and verdict, the court could not enter judgment on the charge of assault with intent to commit rape as this was the same sexual assault included in the kidnapping case. To do so would punish the defendant twice for the one offense, violating Article I, Section 19, of the North Carolina Constitution and the Fifth and Fourteenth Amendments of the United States Constitution. Judgment must be arrested in No. 77CRS18040, being a sentence of imprisonment for five years commencing at the expiration of the prison sentence in the kidnapping case, No. 77CRS18041. *State v. Hatcher*, 277 N.C. 380, 177 S.E. 2d 892 (1970).

In the kidnapping charge (No. 77CRS18041), we find no error.

The judgment is arrested in the assault with intent to commit rape charge (No. 77CRS18040).

Chief Judge BROCK concurs.

Judge CLARK dissents.

Judge CLARK dissenting.

The *Fulcher* and *Banks* decisions of the North Carolina Supreme Court, discussed in the majority opinion, recognized that kidnapping was a crime separate and distinct from the other crimes committed during the course of the kidnapping. The indictment in the case *sub judice* did not allege that defendant assaulted the victim with intent to commit rape, only that the victim was "sexually assaulted during the kidnapping." G.S. 14-39(b) reduces the maximum punishment for kidnapping from life to 25 years if the victim "was released by the defendant in a safe place and had not been sexually assaulted or seriously injured." In *Banks* the court observed that "the statute states the punishment for kidnapping as well as a lesser punishment when certain mitigating circumstances appear." 295 N.C. at 407, 245 S.E. 2d at 749. The majority opinion places the burden on the State to prove the absence of one of these mitigating circumstances. Proof of the

absence of a mitigating circumstance does not require the State to prove a separate and distinct crime committed during the kidnapping. In the case *sub judice* the State alleged and proved a sexual assault, thus proving the absence of a mitigating circumstance which would have required a reduction of the maximum sentence from life imprisonment to 25 years. The statutory recognition of a circumstance affecting punishment for kidnapping does not preclude conviction of and punishment for a distinct and separate crime committed during the kidnapping even though the conduct of the defendant in committing that crime results in the absence of a mitigating circumstance. The trial judge in imposing judgment following a conviction may properly consider the totality of the circumstances of the crime, including mitigating circumstances, prior convictions, and other pertinent factors. G.S. 14-39(b) mandates that a mitigating circumstance be considered and provides for a lesser maximum punishment if the mitigating circumstance is present. Neither the statute nor its application in the case before us, violates the Due Process Clause or the Equal Protection Clause.