STATE OF NORTH CAROLINA v. FLORINE H. ELAM

No. 8112SC1007

(Filed 6 April 1982)

1. **Criminal Law § 85— character evidence—excluded testimony cumulative—no error**

    There was no prejudicial error in the court's exclusion of character and reputation testimony by a witness where (1) the record did not reflect what the witness would have answered, and (2) other witnesses had testified as to defendant's good character and the testimony would have been cumulative.

2. **Criminal Law § 119— refusal to give requested instruction**

    The trial judge did not abuse his discretion in refusing to instruct the jury that it can infer from the State's failure to produce written statements made by eyewitnesses that the statements were damaging to the State's case since there was no intimation that the evidence was destroyed, defendant did not make his motion to produce the statements until immediately before trial, and since although the officers looked for the material, they were unable to produce it. G.S. 15A-902(a).

3. **Homicide § 28— failure to instruct on deceased's reputation for violence—no prejudicial error**

    The trial court's failure to apply evidence of deceased's reputation for violence to the question of defendant's reasonable apprehension of death or great bodily harm was not prejudicial error where the jury was fully charged on the law of self-defense.

4. **Homicide §§ 27.2, 28.8— failure to instruct on accidental killing and involuntary manslaughter proper**

    Where all the evidence, including that of defendant, indicated that she intentionally fired a weapon, the trial court properly failed to instruct on the defense of an accidental killing and involuntary manslaughter since there was no evidence of an accidental discharge of the pistol.

5. **Constitutional Law § 48— effective assistance of counsel—refusal of request of counsel to testify**

    Defendant was not denied effective assistance of counsel because her counsel did not insist that the court rule on her motion for mistrial so that counsel could testify to impeach two of the State's witnesses. Ethical Consideration EC5-10 of the Code of Professional Responsibility of The North Carolina State Bar, under some circumstances, allows counsel to testify

without withdrawing. Further, counsel stipulated for the jury what she would have testified if called as a witness, and a tape recording of the disputed statements was played for the jury.

APPEAL by defendant from *Clark, Judge.* Judgment entered 16 February 1981. Heard in the Court of Appeals 2 March 1982.

Defendant appeals her conviction of murder in the second degree.

The state's evidence tended to show that on 12 July 1980, defendant's estranged husband, William Elam, and two friends passed defendant's house in Mr. Elam's car. Mr. Elam was driving. They saw a woman wearing a white uniform standing on the porch. They drove south past the house to an intersection where Mr. Elam made a U-turn and headed back north. Mr. Elam's friends then noticed a Ford LTD approaching them from the rear. The Ford pulled up on the left side of Mr. Elam's car, striking the left front and forcing it toward the ditch. The defendant jumped out of the Ford, asked "Why did you hit my car?" and before Mr. Elam could move or respond, the defendant shot him once in the face. Defendant left the scene. As a result of the gunshot wound, Elam died.

Defendant testified that on 12 July she arrived home at 10:30 p.m. and as she did so, she saw her husband and two other men drive by. She entered the house, changed into her uniform, and as she left for work, she noticed a car parked down the road. She proceeded north in her car. At that time Mr. Elam's car came speeding up behind her and forced her out of her lane. She pulled back into the right lane and her car collided with Mr. Elam's. When she stopped her car, Mr. Elam and a tall man got out of Elam's car and Mr. Elam said, "Get her! Get her!"

Defendant testified that the tall man had something in his hand and Mr. Elam held a gun; that she fired her .22-caliber pistol to scare them off; and that she did not mean to hit or hurt anyone when she fired. She further testified that there had been violent domestic quarrels between the two and that Mr. Elam had threatened her life on several occasions and had assaulted her.

*Attorney General Edmisten, by Associate Attorney Walter M. Smith, for the State.*

*Assistant Appellate Defender Marc D. Towler for defendant.*

MARTIN (Harry C.), Judge.

**[1]** Defendant first contends the court erred in excluding the testimony of the witness Barbara Jenkins concerning the character and reputation of defendant in her "work setting." We find no error. First, the record does not reflect what the witness would have answered; therefore, we cannot determine if the exclusion was prejudicial. *State v. Martin,* 294 N.C. 253, 240 S.E. 2d 415 (1978); *State v. Darden,* 48 N.C. App. 128, 268 S.E. 2d 225 (1980). Further, assuming the testimony would have been favorable to defendant, it was cumulative. Three other witnesses testified defendant had a good character and reputation. Two of the witnesses were Baptist ministers. Under these circumstances, we cannot hold the exclusion of the testimony, if erroneous, was prejudicial. *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966); *State v. Lindsey,* 25 N.C. App. 343, 213 S.E. 2d 434, *cert. denied,* 287 N.C. 468 (1975).

**[2]** The trial judge refused to instruct the jury that it could infer from the state's failure to produce written statements made by the eyewitnesses Rhone and Thompson that the statements were damaging to the state's case. Defendant argues this was error, relying upon *People v. Zamora,* 28 Cal. 3d 88, 615 P. 2d 1361 (1980). In *Zamora,* the city attorney's office had directed the destruction of all records of citizen complaints against police officers if the complaints were considered unmeritorious. The court held that the trial judge should instruct the jury that the officers had used excessive force in the incidents complained of in the destroyed records. Such is not the case here. There is no intimation that the evidence was destroyed. Defendant did not make her motion to produce until immediately before trial, and although the officers looked for the material, they were unable to produce it. The statutory discovery process contemplates that it shall be done pretrial. N.C. Gen. Stat. § 15A-902(a) (1978). In most instances, pretrial discovery will eliminate the very problem here complained of. We find no abuse of discretion by the ruling of the trial court. *See State v. Smathers,* 287 N.C. 226, 214 S.E. 2d 112 (1975).

[3]  We find no prejudicial error in the trial court's failure to apply evidence of deceased's reputation for violence to the question of defendant's reasonable apprehension of death or great bodily harm from the alleged assault by deceased. The jury was fully charged on the law of self-defense. On this state of facts, we find *State v. Rummage*, 280 N.C. 51, 185 S.E. 2d 221 (1971), to be controlling. Although this was error, we do not find it, standing alone, sufficient to require a new trial. *Id.*

[4]  Defendant argues the court should have charged on the defense of an accidental killing and involuntary manslaughter. All the evidence, including that of defendant, indicates that she intentionally fired the weapon. There was no evidence of an accidental discharge of the pistol. Defendant testified, "I had a pistol and fired to scare them off. . . . After I fired the gun . . . .." She says she intentionally fired the gun. The assignments of error are meritless. *State v. Redfern*, 291 N.C. 319, 230 S.E. 2d 152 (1976); *State v. Efird*, 37 N.C. App. 66, 245 S.E. 2d 226 (1978), *cert. denied*, 301 N.C. 98 (1980).

Defendant argues that the solicitor in four instances committed prejudicial error in his jury argument. We have carefully examined the entire argument of counsel and cannot find it to contain prejudicial error so as to require a new trial. The trial judge has broad discretion in controlling the argument of counsel, especially in hotly contested cases. *State v. Britt*, 288 N.C. 699, 220 S.E. 2d 283 (1975). We find no abuse of that discretion.

[5]  Last, defendant insists that she was denied effective assistance of counsel because her counsel did not insist that the court rule on her motion for mistrial so that counsel could testify to impeach state's witness Daws, to the effect that Daws was present during the entire interview of state's witnesses Rhone and Thompson. Ethical Consideration EC5-10 of the Code of Professional Responsibility of The North Carolina State Bar, volume 4A of the General Statutes of North Carolina (Cum. Supp. 1981), states: "In the exceptional situation where it will be manifestly unfair to the client for the lawyer to refuse employment or to withdraw when he will likely be a witness on a contested issue, he may serve as advocate even though he may be a witness." A mistrial was not necessary in order for defendant's counsel to testify in the case. Whether she could withdraw as counsel was a

matter in the sound discretion of the trial judge. *State v. Brady*, 16 N.C. App. 555, 192 S.E. 2d 640 (1972), *cert. denied*, 282 N.C. 582 (1973). *See Smith v. Bryant*, 264 N.C. 208, 141 S.E. 2d 303 (1965); 81 Am. Jur. 2d *Witnesses* §§ 98, 98.5 (1976). A motion to allow defense counsel to testify in this case on a collateral matter, impeachment of a witness, would have been in the discretion of the trial judge. *People v. Stratton*, 64 Mich. App. 349, 235 N.W. 2d 778 (1975).

Moreover, here counsel stipulated for the jury what she would have testified if called as a witness. Further, a tape recording of the disputed statements was played for the jury. We find no violation of defendant's right to effective counsel.

No error.

Judges MARTIN (Robert M.) and WHICHARD concur.